ALBANY,
August, 1822.

ROOT
v.
TAYLOR.

ROOT, Administratrix of EDWARDS, *against* TAYLOR.

*In an action brought by an administrator, for a debt due to his intestate, the defendant cannot set off a debt due from the intestate, purchased by the defendant after the death of the intestate.*

THIS was an action of *assumpsit*, tried at the *Montgomery* Circuit, in *November*, 1821, before Mr. Justice *Platt*. The declaration contained counts for goods sold and delivered, the common money counts, and on an account stated. The defendant pleaded the general issue, with notice of special matter to be given in evidence at the trial.

The plaintiff proved a debt, due from the defendant to the intestate, amounting, with interest, to 427 dollars and 21 cents. The defendant, under the notice subjoined to the plea, offered, by way of set-off, a promissory note, dated *April* 2, 1818, signed by the intestate, and *Hugh Sandford*, by which they promised, jointly and severally, to pay *Newman Baxter*, or order, five hundred dollars, in one year after date. It was proved that the intestate died on the 9th of *February*, 1820 ; and that on the 13th or 14th day of the same month, a few days after the death of the intestate, the defendant purchased the note of *Baxter*, who indorsed the same to him, for 240 dollars. It was admitted, at the trial, that at the time the note was so transferred to the defendant, three judgments were outstanding against the intestate, more than sufficient to cover all his assets. The Judge decided, that the set-off could not be allowed, and directed the jury that they should find for the plaintiff, for the amount of her demand ; and the jury accordingly found a verdict for the plaintiff, for 427 dollars and 21 cents.

A motion was made for a new trial.

*H. Fish*, for the defendant. He cited 10 *Johns. Rep.* 366. *Chitty on Bills*, 96. 254. *Toller's Law of Executors*, 225. *Montagu on Set-off*, 34. note. *Buller's N. P.* 180.

*Van Vechten* and *Baldwin*, contra. They cited 6 *Term Rep.* 57. 16 *East's Rep.* 130. 1 *N. R. L.* 518. *Montagu on Set-off*, 85. note. *Kilvington* v. *Stephenson*, *Willes*,

ROOT
v.
TAYLOR.

103. and 264. note. 1 *Johns. Cas.* 52. 2 *Caines' Cases in Error*, 312. 2 *Johns. Rep.* 278. 12 *Johns. Rep.* 346.

SPENCER, Ch. J. delivered the opinion of the Court.

The statute, (1 *N. R. L.* 515. sess. 36. c. 56.) provides, that if two or more persons, dealing together, *be indebted to each other, or have demands, arising on contract or credits, against each other*, and one of them, or his or her executors or administrators, sue any one or more of the others, his or their executors or administrators, in any Court, &c., if the defendant cannot gainsay the deed or assumption, upon which the suit is brought, it shall be lawful for such defendant to plead the general issue, and give notice in writing, with the said plea, of what such defendant will insist upon at the trial, for his or her discharge, and to give any such bond, bill, receipt, account, contract, credit, or demand, so given notice of, in evidence. The act then provides, that if it shall appear that the sum demanded is paid, the jury shall find for the defendant, and he shall recover his costs; if any part shall be found to be paid, then so much shall be discounted, and the plaintiff have judgment for the residue; if the plaintiff is overpaid, then the jury shall find for the defendant, and certify the balance, whereon the defendant shall have judgment, *unless the plaintiff prosecute as executor or administrator, in which case, the sum so certified shall be deemed a debt of record, to be paid in the course of administration.*

Were the intestate and the defendant indebted to each other, or had they demands arising on contracts or credits against each other? If they were not indebted to each other, or if they had not demands arising on contracts or credits against each other, the case is not within the letter or spirit of the act. In *Gordon* v. *Bowne*, (2 *Johns. Rep.* 155.) this Court held, that the statute of 2 *Geo.* II. ch. 22. s. 13. which enacts, that *where there are mutual debts between the parties*, they may be set off; and our statute, which provides, that *if two or more persons, dealing together, be indebted to each other*, were expressions of the same import, and that the *English* decisions upon the construction of their statute, are in point as to the construction of our act. In *Kilvington* v. *Stevenson*, in a note in *Willes' Rep.* p. 264. the

action was *assumpsit*, as executor, for goods of the testator. There were two pleas, *non-assumpsit*, and a *set-off*, for a debt due from the testator to the defendant; to this there was a demurrer, and the Court held the plea to be clearly bad. They said, this was not an action for goods that were in the defendant's hands, at the testator's death, in which case he might set off; but for goods he has taken possession of since his death, in which case, to allow the set-off, would be altering the course of distribution. The decision in this case was approved of and confirmed by Lord *Mansfield*, in *Tegetmeyer* v. *Lumley*, also cited in the note to *Willes*, before referred to. There is another class of cases, which will more forcibly illustrate the construction to be put on this statute. In the case of *Ogden* and others, assignees of *Olcott*, v. *Cowley*, (2 *Johns. Rep.* 274.) the action was by the plaintiffs, as assignees, under the bankrupt law, against the defendant, as surviving endorser of a promissory note. There was notice of a set-off for money lent to, and for money had and received by the bankrupt, before his bankruptcy. The defendant gave in evidence two checks issued by the bankrupt, and offered to prove, that one of them, though dated afterwards, was, in fact, given antecedent to the act of bankruptcy. The set-off was objected to, unless it was proved, that the checks were held by the defendant, at or before the 8th of *October*, 1800, the day *Olcott* became a bankrupt; but no evidence of the fact was given. On this evidence, the Judge directed a verdict for the plaintiffs, without allowing the set-off; and, on a motion for a new trial, this Court confirmed the decision at *nisi prius*, and adopted the principle settled by the case of *Dickson* v. *Evans*, (6 *Term Rep.* 57.) that it would be unjust if one person, who happened to be indebted to another, at the time of his bankruptcy, was permitted, by an intrigue between himself and a third person, so to change his own situation, as to diminish or totally destroy the debt due to the bankrupt. In the case of *Dickson* v. *Evans*, Lord *Kenyon* expressed a decided opinion, that there was no difference in the rule as to set-offs, under the statute of set-offs and the statute 5 *Geo.* II. c. 30.; so that we may consider the decision in *Dickson* v. *Evans*, as applicable to the *English* statute of set-off, and, consequent-

ALBANY,
August, 1822.

ly, to our statute.   In *Dale* v. *Cooke*, (4 *Johns. Ch. Rep.* 13.) the *Chancellor* held it to be an established rule at law, that if executors sue for a debt created to them since the testator's death, the defendant cannot set off a debt due to him from the testator, as it would be altering the course of distribution.   My conclusion is, that this is not a case within the statute ; that the intestate and the defendant never were indebted to each other, and had not demands arising on contracts or credits against each other ; and that it would be unjust, and against the whole policy of the statute, to allow a set-off of a debt acquired against the estate of a deceased person, subsequent to his death.

Motion for new trial denied.