Rawson, administratrix, &c. vs. Copland.

B. Bought four lots of land, and gave back mortgages thereon, to the vendor, for the purchase money. B. afterwards sold and conveyed two of the lots to C., subject to the payment of one half of the mortgages, which C. agreed to pay, as part of the purchase money. The latter then conveyed the same lots to R., subject to the payment of the same amount; which R. in the same manner agreed to pay, as a part of the consideration of his purchase. After R.'s death the mortgages were foreclosed; the lots were sold, and the proceeds of the sale being insufficient to pay the demands, there were decrees over against B., the mortgagor, for the deficiency; which he was compelled to pay to the mortgagee. He then called on C. for the payment of his share of such deficiency, and received from him his bond and mortgage as security therefor. On a bill, by the administratrix of R., to foreclose a mortgage given by C. to R.; *Held* that the amount of the deficiency, was a demand existing against R. in his lifetime, which C. might set off against the amount secured by the mortgage to R. which the executors sought to foreclose.

To entitle a defendant to an offset, against an executor or administrator, it is not necessary that the defendant's debt should have been actually due, or really liquidated, at the death of the testator or intestate. But it is sufficient if it has become due and payable at the time the suit is brought against him by the executor or administrator; so that if the decedent had lived, and had brought a suit against the defendant, at that time, the demand of the latter would have been a proper subject of offset.

THIS was an appeal, by the complainant, from a decree of the assistant vice chancellor of the first circuit. In September, 1835, J. Bennem bought of A. Prince four lots of land in Brooklyn, and gave back a bond and mortgage upon two of those lots for $1900; payable in five years, with semi-annual interest. He also gave back a similar bond and mortgage upon the other two lots for the like sum, and payable at the same time. Bennem subsequently sold one of the lots embraced in each of those mortgages, to the defendant E. Copland, subject to the payment of one half the amount secured by the mortgage thereon; which Copland agreed to pay as part of the purchase money. Copland subsequently conveyed the same lots to E. B. Rawson, subject to the payment of the same amount; which Rawson, in the same manner, agreed to pay as a part of the consideration of his purchase. In January, 1840, Rawson died. And his heirs and his administratrix having neglected to pay the

Rawson *v.* Copland.

amount which he had assumed the payment of, the mortgages were foreclosed. The proceeds of the sale being insufficient to pay the demands, there were decrees over against Bennem, the mortgagor, for the deficiency; which he was compelled to pay. He therefore called upon the defendant Copland for the payment of his share of such deficiency, and received from him a bond and mortgage as security therefor. The bill in this cause was subsequently filed to foreclose a mortgage given, by Copland, to Rawson in his lifetime; and the defendant, by his answer, claimed to offset the amount which he had thus been obliged to pay, on account of the debts which Rawson had assumed the payment of, against the amount due upon his bond and mortgage to Rawson. The vice chancellor decided in favor of the set-off, and made a decree accordingly. (*See* 2 *Sandf. Ch. Rep.* 251, *S. C.*) From that decree the complainant appealed to the chancellor.

*E. Paine,* for the appellant. The set-off claimed is not allowable, because the debt we sue for was due to the intestate before his death; whilst the claim attempted to be set off was not a demand existing against the intestate, and belonging to the defendant at the time of his death. Rawson, the intestate, by buying the land subject to the mortgages given by Bennem, and assuming their payment, became thereby merely an indemnitor to Copland, who was also liable to pay them, and Copland had no demand against Rawson until he had himself paid the deficiency after it was ascertained by the sale of the land. And not having paid any thing until Rawson's death, it was not a demand existing or belonging to him at the time of Rawson's death. If there is any claim of set-off it rests on the ground that the defendant has paid the deficiency due on the mortgage which the intestate was to have paid. But the act set up as payment was not a payment which can be set off. It was not a payment of money, or what is equivalent to money. It was the mere giving of the defendant's own bond, secured by his own mortgage on property, for aught that appears, of no value.

Rawson *v.* Copland.

*E. Sandford*, for the respondent. The defendant is entitled to set off the amount paid by him for the deficiency on the foreclosure of the mortgages, the payment of which had been assumed by E. J. Rawson, deceased ; (1.) As part of the purchase money remaining unpaid, for which the defendant had conveyed two lots of land to Rawson ; and (2.) As for money paid, laid out and expended for said Rawson, or his estate ; or (3.) For money which it was the duty of the complainant to pay, but which, in consequence of her omission and neglect, the defendant has been legally compelled to pay.

The defendant having been at all times ready and willing to pay the balance due to the complainant upon a fair accounting with him, for the money so paid by him, as averred in his answer, this suit was unnecessarily and improperly commenced. And the payment of costs in this court, being a matter to be directed by the court, in the exercise of its discretion, upon equitable principles, the defendant should not only be excused from the payment of the complainant's costs, but should recover his costs of the complainant, to be deducted from the amount to be found due on the bond and mortgage mentioned in the bill of complaint.

THE CHANCELLOR. The decision of the assistant vice chancellor was unquestionably correct. The revised statutes provide that in suits brought by executors and administrators, demands existing against their testators or intestates, and belonging to the defendant at the time of their deaths, may be set off, by the defendant, in the same manner as if the action had been brought by, and in the name of, the deceased. (2 *R. S.* 355, §§ 23, 37, *of 2d ed.*) To entitle the defendant to an offset against the executor or administrator, it is not necessary that the defendant's debt should have been actually due, or really liquidated, at the death of the testator or intestate. But it is sufficient if it has become due and payable at the time the suit is brought against him by the executor or administrator ; so that if the decedent had lived, and had brought a suit against the defendant, at that time, the demand of the defen'

dant would have been a proper subject of offset. And in this case, if Rawson, the intestate, had been living, and had filed this bill in his own name, to obtain satisfaction of the bond and mortgage due to him from the defendant, it is evident that the latter would have had the right to the set-off claimed in this case.

It is true, the decedent was not bound to pay the principal of the debts, which he assumed the payment of, before they became due and payable by the terms of the bonds and mortgages to A. Prince. But the contract of the decedent with this defendant was broken when the heirs and personal representatives neglected to pay the bonds and mortgages at the time they became due, in September, 1840. And the defendant having paid the amount to Bennem, or secured it by his bond and mortgage, which is the same thing in substance, the defendant's right of offset was complete at the time of the filing of the bill in this cause. The assistant vice chancellor has fully examined the several cases which have a bearing upon this question, and has taken the right view of them. It is not necessary, therefore, that I should examine them particularly. It is sufficient to say that the law corresponds with the manifest equity and justice of the case, as it appears from the pleadings and proofs.

The decree appealed from must, therefore, be affirmed, with costs.