## CONVERY, ADMINISTRATOR, *v.* LANGDON.

DECEDENTS' ESTATES.—*Set-Off.*—*Maturity of.*—Where a cross demand against an estate is a proper set-off to a claim in favor of the estate, the fact that it was not due at the time of the decedent's death does not deprive the holder of the benefit of the set-off, if it be due at the time it is pleaded.

SAME.—*Payment of Debt by Surety, after Death of Principal.*—*Insolvency.* —In an action by the administrator of the estate of an intestate, on an indebtedness due to the decedent from the defendant, the latter answered by way of set-off, admitting the indebtedness in suit, but alleging that he had become surety for the decedent on a promissory note executed by them, and that, after the decedent's death, he had been obliged to pay off the note. and had since recovered judgment thereon against the estate.

*Held,* on demurrer, that the answer is insufficient.

*Held,* also, that the solvency or insolvency of the estate has no bearing on the rule of law in such cases.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*H. Burns* and *J. S. Pritchett,* for appellee.

NIBLACK, J.—This was an action by Jerome Convery, as administrator of the estate of Gerhard Reiter, deceased,

against Samuel T. Langdon, for a balance alleged to be due upon a settlement of accounts.

The complaint alleged, that on the 16th day of June, 1877, there was a settlement of mutual accounts between the decedent and the defendant,.and that, upon such settlement, there was found to be due to the decedent the sum of fifty-seven dollars and thirty cents, which still remained unpaid. Also, amongst other things, that the decedent had died intestate in July, 1877.

The defendant answered, admitting the indebtedness charged in the complaint, but averring that on the 10th day of April, 1877, he, at the request of the said Reiter and for his accommodation, signed a note jointly with the said Reiter, and as his, the said Reiter's, surety, payable four months after date, to the cashier of the First National Bank of Vincennes, for the sum of three hundred dollars; that on the 10th day of August, 1877, when said note became due, he, the defendant, was compelled to pay, and did pay, said note; that on the 17th day of September, 1877, he filed a claim in the Knox Circuit Court against the estate of said Reiter, for the sum of three hundred dollars, the amount paid on the note, which claim was afterward duly admitted and allowed, and judgment thereon was rendered against said estate. Wherefore the defendant demanded that so much of his said judgment as might be necessary to pay and satisfy the plaintiff's claim might be set off against it.

The defendant demurred to the defendant's answer, but the court overruled his demurrer.

The plaintiff then replied that the defendant's judgment was not a preferred claim against the decedent's estate, and that said estate was insolvent, there not being sufficient assets to pay any thing upon the class of claims to which said judgment belonged.

A demurrer was sustained to the reply, and thereupon a final judgment was rendered in favor of the defendant.

Error is assigned upon the overruling of the demurrer to the answer, and upon the sustaining of the demurrer to the reply.

It is provided by section 61 of the code, 2 R. S. 1876, p. 64, that, "When cross demands have existed between persons under such circumstances that one could be pleaded as a counter-claim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the assignment or death of the other, and the two demands must be deemed compensated so far as they equal each other."

The provisions of this section of the code are in substantial accord with a long line of well recognized authorities on the subject of cross demands, and are but an affirmance of what we would feel it our duty to hold the law to be if there were no statute on that subject in force in this State.

To entitle a defendant therefore to plead a set-off to an action against him by an executor or administrator, his cross demand must have been an existing demand against the testator or intestate at the time of his death.

It is not necessary that the cross demand thus existing in favor of the defendant should have become due at the time of the testator's or intestate's death. It is sufficient if it become due and payable in time to be pleaded as a set-off in the same manner as if the testator or intestate had lived to bring the action. Waterman Set-Off, sec. 97; *Rawson* v. *Copland*, 3 Barb. Ch. 166.

The important and really controlling question in this case is: Did the contingent liability which Langdon incurred when he signed the note referred to in the answer, as the surety of Reiter, constitute, in any proper legal sense, an existing demand against Reiter, at the time of his death?

To this we are constrained to answer in the negative.

In the case of *Granger* v. *Granger*, 6 Ohio, 35, a precisely similar question had, amongst others, to be met and decided.   As to that branch of the case the court said:

"The next question propounded to us is: In a suit by an administrator, upon his intestate's claim, can the defendant set off a demand for money paid after the death of the intestate, upon a liability entered into by the defendant, as surety for the intestate?   Our judgment resolves the question in the negative.   No cause of action or demand existed against the intestate, at his death. A liability only was incurred, upon which, on the contingency of the security being compelled to pay for the intestate, he would have a right of action for his indemnity.   A bare possibility, that in a certain future contingent event, he would have a demand, is not a debt due from the intestate, and such claim has not the mutuality required for a set-off.   Such a demand, though good against the estate, can only look to the general assets for satisfaction.   To allow it to be offset, would change the course of distribution of intestate estates.   The hardships expected to result from the rejection of this set-off, can have no weight with us, unless the law opens the door for their redress."

In January, 1842, the statute of New York, then in force in relation to set-offs against actions brought by executors and administrators was as follows:   "In suits brought by executors and administrators, demands existing against their testators or intestates, and belonging to the defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased."   In the case of *Mercein* v. *Smith*, 2 Hill, 210, Mercein, as defendant below, had pleaded, as a set-off against the intestate's claim, a demand for money paid, after the intestate's death, upon a liability incurred during the lifetime of the intestate as an accommodation endorser of his, the intestate's, note.

Convery, Administrator, *v.* Langdon.

The court, after quoting the statute of New York above set out, said : " This is the only case where a set-off is allowed against the estate of the deceased in a suit brought by the personal representative, where the suit is for a debt strictly due to the plaintiff in that capacity. And it is manifest that the defendant has not brought himself within it. The demand set off had no existence at the time of the death of Mr. Smith " (the intestate), " in the sense of the statute, as it did not arise till the payment of the note."

In the same connection the court also said :

" Since 1830, the rule on this subject has been declared by statute ; but the latter is simply an enactment of the law as it had been previously recognized and applied." Citing *Root* v. *Taylor*, 20 Johns. 137, and *Frye* v. *Evans*, 8 Wend. 530.

Waterman on Set-Off, section 197, says :

" It is obvious that, on principle, money paid for an intestate after his decease, upon a contract of suretyship, entered into in his behalf during his life, can not be set off against a debt due to his estate ; " and quotes with approbation the cases of *Granger* v. *Granger*, and *Mercein* v. *Smith, supra.*

A different rule has been recognized in South Carolina, but that was under a statute essentially differing from the statutes of this State and New York, above set out.

The authorities cited as above are manifestly decisive against the validity of the set-off set up by the appellee in his answer. The court, therefore, erred in overruling the appellant's demurrer to the answer.

Much of the appellant's argument here has been based upon the theory that this court might recognize a distinction between solvent and insolvent estates in the application of the rules governing set-offs to actions by executors and administrators ; but, in our opinion, the authorities

do not, and could not properly, recognize any such distinction.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the answer, and for further proceedings.