CHARLOTTE A. WAKEMAN and PHILIP H. VERNON, as Executors, etc., of WILLIAM W. WAKEMAN, Deceased, Appellants, *v.* GEORGE H. EVERETT, Respondent.

*Counter-claim or set-off — when a claim arising from the act of an executor cannot be set off against a claim due to the testator — Code of Civil Procedure, sec.* 506.

The plaintiffs brought this action to recover moneys alleged to have been due to their testator, at the time of his decease, upon a note signed by the defendant, and for other money advanced and paid out for defendant's use. The defendant denied the indebtedness, and set up as a counter-claim a demand against the plaintiffs for the conversion of certain stocks and securities which he had deposited with the testator during his lifetime, the counter-claim being based upon acts of the plaintiffs done after the death of their testator.

*Held*, that as the right of the defendant to recover for the conversion of the securities was based upon the wrongful acts of the executors, and not upon those of the testator, it was not available as a counter-claim or set-off in this action.

Appeal from a judgment in favor of the defendant, entered on the report of a referee.

*P. H. Vernon*, for the appellants.

*Peckham & Tyler*, for the respondent.

Brady, P. J.:

The plaintiffs sought by this action to recover an alleged indebtedness of the defendant for moneys due the estate which they represent, not only upon a note signed by the latter, but for moneys advanced; paid and laid out and expended on joint and several transactions with the decedent, Mr. Wakeman. The defendant answered, denying the indebtedness charged, and alleged not only a settlement, account stated, but the possession of certain stocks by the plaintiffs, to which they succeeded as such representatives, and a counter-claim, which resulted from their conversion of these stocks by a refusal, upon a proper demand, to deliver them to him. The referee, upon what seems to be a thorough investigation of all the dealings between him and the decedent, and the plaintiffs as well, found in his favor, and gave him judgment for his counter-claim averred and established.

Several questions, however, of fact and of law, are presented for

consideration, upon exceptions duly taken in various forms. The record has been carefully examined with reference to all of them, but it is not necessary to discuss any other than that based upon the recognition and attempted enforcement of the counter-claim. The stocks, upon the conversion of which it rests, were deposited with the decedent, not as collateral security, but from friendly and business relations existing between him and the decedent, and the confidence of the latter in his integrity; indeed, it may be said, for safety. The record, it is true, contains many details well calculated to invoke contention upon the condition of the accounts between them, but, nevertheless, not difficult of solution, when deliberately and carefully examined in the light of the evidence.

The insuperable objection to the judgment is, however, that the counter-claim on which it is based was improperly admitted.

The claims urged herein by the plaintiffs, in the main, arose prior to the death of the decedent, and the counter-claim from acts of the plaintiffs subsequent thereto. The defendant's claim did not exist, therefore, at the time of the death. The Code, by section 506, does not recognize such demands as counter-claims or set-off. It is a substitute for sections 23 and 24 of the Revised Statutes, volume 2, page 355. It provides that, in an action brought by an executor or administrator in his representative capacity, a demand against the decedent, belonging, *at the time of his death*, to the defendant, may be set up as a counter-claim as if the action had been brought by the decedent in his lifetime, etc.

The counter-claim interposed herein is not one which belonged to the defendant at the time of the death of the decedent. It arose after such death, and rests upon alleged tortious acts of the plaintiffs in the management of the estate which they represent. The decisions illustrative of the effect of the provisions of the Revised Statutes (*supra*), and construing them, are applicable herein for the reason already suggested that the provisions of section 506 of the Code are substantially the same.

In *Root* v. *Taylor* (20 Johns., 137), it was held, in an action brought by an administrator for a debt due to his intestate, the defendant could not set off a debt due from the intestate purchased by him after his death. In *Mercein* v. *Smith* (2 Hill, 210), the defendant sought to set off the amount of a note made by the

intestate and indorsed for his accommodation, and which the defendant paid after the intestate's death, but it was held not to be a demand existing at the time of his death and, under the provisions of the Revised Statutes (*supra*), not to be a proper subject of set-off. This case was cited with approval in *Patterson* v. *Patterson* (59 N. Y., 574), in which it was decided that in an action by an executor for a cause of action arising after the testator's death, the defendant could not set off a demand against the testator, although it existed at the time of such death. In *Thompson* v. *Whitmarsh* (1 East. Rep., 714; S. C., 100 N. Y., 35), it was held that upon new contracts made by an executor or administrator, and never existing in favor of the decedent, but growing out of the contracts and dealings of the former alone, the action was properly brought in the name of the individual, and that a debt against the decedent could not, under such circumstances, be made the subject of a counter-claim. It must be paid in the ordinary course of administration, and can gain no preference and is entitled to none. It was said in that case that the results proclaimed were the effect of the changes, if any, accomplished by the provisions of the Code. In this case the counter-claim, as already stated, rests upon the alleged misconduct of the plaintiffs in withholding and converting the defendant's stock, acts committed subsequent to the decease of the decedent, and for reasons already assigned, not, therefore, the subject of set-off. In an action brought by the executor or administrator as to transactions subsequent to the death of the decedent, but relating to the estate, such a counter-claim as that presented here might be employed, doubtless, to the extent, at least, of extinguishing the claim urged, and so it might be here, if the facts required the application of such a rule.

The distinction between causes of action accruing during the life of the decedent, and those originating afterwards, is kept constantly in view by the court, and they have held, as illustrated by Justice Daniels, in *Bingham* v. *Marine National Bank*, decided herewith,* that these causes of action cannot be united. (See cases cited.) There are many adjudications upon the subject of set-offs and counterclaims. In the investigation of the question discussed many have been found and read, but no one, after diligent examination, has

---

* Reported post, page 377.

been found which permits the use as a set-off or counter-claim, a demand such as the defendant's.

The judgment must, therefore, be reversed, unless the respondent consents to modify it by deducting the amount of the counter-claim, but without prejudice to any right in regard to it to be asserted in another action if one be brought. If this be done, then the judgment so modified is affirmed, without costs to either party of this appeal, as we discover no other error committed during the trial, or in the finding of facts or refusals to find or exceptions taken, requiring us to reverse the judgment. If not, then the judgment is reversed, with costs to abide the event. The costs in the court below were properly awarded against the plaintiffs, but under the circumstances it is thought they should be paid out of the estate.

DANIELS, J., concurred.

Judgment reversed, unless plaintiffs consent to the modification suggested, in which case judgment affirmed, as modified, without costs, otherwise judgment reversed, with costs to abide event.