The State, *ex rel.* Homer, Administrator, *v.* Barrett *et al.*

No. 13,849.

THE STATE, EX REL. HOMER, ADMINISTRATOR, *v.* BAR-
RETT ET AL.

DECEDENTS' ESTATES.—*Administrator's Bond.*—*Action on.*—*Counter-Claim.*—
*Answer.*—*Reply.*—An administrator has the right to apply any moneys
coming into his hands, as administrator, to the liquidation of claims
against the estate, and is entitled to credit for such payments. To a
complaint on an administrator's bond for its breach, such payments
can be pleaded by way of counter-claim. If it is claimed that he paid
claimants more than they were entitled to receive by reason of the in-
solvency of the estate, such facts should be set forth in a reply, and the
question can not be raised by demurrer.

SAME.—*Proper Administration.*—*Answer Alleging.*—*Sufficiency of.*—A para-
graph of answer to a complaint on an administrator's bond alleging
that he has fully administered the estate of the decedent, and all the
rights, credits, moneys and effects of said estate which came into his
hands to be administered, and that the estate is indebted to him in a
sum named, shows that he has fully administered and properly paid
out and accounted for the assets which came into his hands as admin-
istrator; but the answer is subject to a motion to make more specific.

SAME.—*Bond.*—*Release of Surety.*—*Liability.*—In such action a paragraph
of answer by a surety alleging the release of his co-surety, the filing of
a new bond, by order of court, and the occurrence of the alleged
breaches of the bond after the execution of the new bond, is not subject
to demurrer, the liability of the sureties on the old bond being at an
end after the execution of the new one.

SAME.—*Bond.*—*Personal Property.*—*Rents and Profits.*—A bond executed to
secure the faithful administration of personal property does not cover
rents and profits derived from the real estate owned by the decedent at
the time of his death. Filing a petition, obtaining an order of court,
and filing an additional bond are necessary to entitle him to these.
Section 2369, R. S. 1881.

From the Posey Circuit Court.

*E. D. Owen, W. Loudon* and *F. P. Leonard,* for appellant.

*A. P. Hovey, G. V. Menzies* and *E. M. Spencer,* for appel-
lees.

COFFEY, J.—This was a suit, in the court below, upon an

administrator's bond, in the usual form. The complaint alleges the appointment of the appellee, George M. Barrett, as the administrator of the estate of George A. Barrett, deceased; the execution of the bond in suit with the appellee Williams and one William Barrett as sureties; the removal of the appellee George M. Barrett, from the trust, by order of the court, and the appointment of the appellant as his successor. The complaint then alleges seven supposed breaches of the bond, substantially as follows:

*First.* That an agreement was entered into, in 1874, between the administrator and the heirs and creditors of George A. Barrett, deceased, to the effect that the administrator should take the rents and profits of certain land, of which the said George A. Barrett died seized, and pay therewith any residue of the debts of the deceased remaining after the personal property was exhausted; that under said agreement said administrator collected of said rents the sum of $2,500; that he accounted for $700, leaving $1,800 unaccounted for.

*Second.* Alleging the agreement set out in the first breach, and a failure on the part of the administrator to collect rents which he might have collected to the amount of $3,000.

*Third.* That at the time of his removal said administrator had collected the sum of $1,500, and the further sum of $890, of the money belonging to said estate, for which he failed to account.

*Fourth.* That in 1876, 1877 and 1878, said administrator had ample funds in his hands belonging to said estate to pay all its liabilities; that he negligently and wrongfully failed to pay the same, by reason of which large sums of interest have accumulated, and other claims have been filed amounting to $3,000, which would have been saved to said estate except for such wrongful conduct on the part of said administrator.

*Fifth.* That said administrator was indebted to said estate in the sum of $6,500 for the purchase-price of certain real estate; that he has never paid said $6,500, or any part

thereof, nor reported the same as due from him to said estate, and that at the time of his removal the same was due and unpaid.

*Sixth.* That in consideration of the execution of a title bond to said administrator by George A. Barrett, deceased, he agreed with said deceased, and since his death agreed with his heirs, in consideration of the conveyance by them to him of said land, to pay certain debts of the deceased; that he has paid certain of said debts and charged the amount so paid to said estate in his reports, and has failed to pay the remainder thereof, amounting to $4,000, which is due and unpaid.

*Seventh.* That said administrator filed his final report in which he claimed credit as coming to him a balance of $2,769.65, when he is, and was, indebted to said estate in the sum of $6,000.

On motion of the appellee Williams, the surety, breaches one, two, six and seven were struck out by the court, and the appellant excepted.

The appellee Barrett filed an answer in three paragraphs, the first of which is a general denial.

The second is a counter-claim against the estate, in which he avers that on the 11th day of November, 1875, the estate was indebted to him in the sum of $285.72 on a settlement made by him at the November term of the Posey Circuit Court, which settlement was duly approved by said court; that the estate of said George A. Barrett was justly indebted to him in the sum of $555.72, on settlement made and confirmed by the Posey Circuit Court at the November term, 1876; and that said estate is further indebted to him in the sum of $2,769.65, on vouchers filed at the February term, 1886, of the Posey Circuit Court, making a total of $3,325.37, for which he demands judgment.

3d. That he fully administered the estate of the said George A. Barrett, and all the rights, credits, moneys and effects of said estate which came into his hands to be admin-

istered, and that said estate is now indebted to him in the sum of $3,325.37, for which he demands judgment.

The appellee Williams filed an answer in five paragraphs, the first being a general denial.

The second avers that said administrator fully administered the estate of the said George A. Barrett, and fully accounted for and paid out all the moneys that came into his hands as such administrator before the commencement of this suit.

3d. The third avers that he executed the bond in suit with one William Barrett as his co-surety; that in 1877 said William Barrett, in a proper proceeding for that purpose, was released from said bond by order of the proper court, without his knowledge or consent, and that said administrator thereupon, by order of the court, executed a new bond, with surety, to the approval of said court; that if said administrator has been guilty of any breach of his bond it was since the execution of said new bond, and not before.

4th. The fourth is the six years statute of limitations.

5th. The fifth avers that said administrator, since his appointment in 1871, has made his yearly reports, up to the year 1886, to the proper court, which show that he has fully administered said estate, which reports were duly approved by said court, and ordered spread of record upon the records of said court, which was done; that said reports import absolute verity, and are now standing unimpeached and unattacked by any one for fraud or mistake, or any other cause.

The court sustained a demurrer to the fourth and fifth paragraphs of the separate answer of the appellee Williams, and overruled it as to the second and third.

The court also overruled a demurrer to the second and third paragraphs of the separate answer of the appellee Barrett.

A trial by the court resulted in a finding for the appellant upon his complaint, assessing the damages at one cent, and a finding in favor of the appellee Barrett, upon his

counter-claim, assessing his damages at $3,325.37. Over a motion for a new trial proper judgments were rendered on these findings.

The appellant assigns as error:

*First.* That the court erred in overruling the demurrer to the second and third paragraphs of the answer of the appellee Barrett.

*Second.* That the court erred in overruling the demurrer to the second and third paragraphs of the answer of the appellee Williams.

*Third.* That the court erred in striking out the first, second, sixth and seventh breaches of the bond in suit, as the same were alleged in the complaint.

*Fourth.* That the court erred in overruling the motion for a new trial.

The first supposed error discussed by the appellant in his brief, relates to the action of the court in overruling the demurrer to the second and third paragraphs of the separate answer of the appellee Barrett. It is argued that to allow the claims set up in these answers would disturb the due course of administration, and that, therefore, it was error to overrule the demurrer. The cases of *Dayhuff* v. *Dayhuff,* 27 Ind. 158, and *Convery* v. *Langdon,* 66 Ind. 311, are relied on by the appellant to maintain his contention.

In the case of *Dayhuff* v. *Dayhuff, supra,* it appears that the appellant had executed a note to the administrator for the price of goods purchased at a sale of the property of the deceased by the administrator, and when sued upon the note he sought to plead as a set-off against the note a debt due him from the deceased. It was held that there was a lack of mutuality, and the set-off was denied.

In the case of *Convery* v. *Langdon, supra,* the suit was upon a debt due to the deceased in his lifetime. At the time the deceased departed this life the appellee was his security on a promissory note which, after his death, he was compelled to pay. It was held that, as both these claims

did not exist at the time Reiter, the deceased, whose estate was represented by appellant, departed this life, the appellee was not entitled to his set-off.

It has always been held, however, even in the absence of our statute upon the subject, that where cross-demands existed between persons under such circumstances as that one could be pleaded as a counter-claim, or set-off, to an action brought upon the other, neither could be deprived of the benefit thereof by the assignment or death of the other, and the two demands were deemed to compensate each other so far as they were equal.

The claims set up in the second paragraph of the answer here relate to moneys due the appellee, on account of his management of the trust, which had been allowed him by the court. He had the right to apply any moneys that might come into his hands, as such administrator, to their liquidation, and hence it was not improper to allow them against the claim by the present administrator, that he had failed to account for the money which had come into his hands. The argument advanced by the appellant, that he may have paid claimants more than they were entitled to receive, by reason of the insolvency of the estate, does not meet the case. If such were the facts the reply should have developed it, and in that event he would have been allowed no more than he had rightfully paid out for the benefit of the estate represented by him.

We have had more doubt as to the third paragraph of the answer, but, after mature deliberation, we are of the opinion that it is good as a plea that he has fully administered and properly paid out and accounted for the assets which came into his hands as administrator. The allegation that after so doing the estate is still indebted to him must be construed with reference to the allegations which precede it, and when so construed it must be taken to mean that, in administering

the estate he paid out the sum therein named in excess of what came into his hands.

The answer was, in our opinion, subject to a motion to make it more specific, but no such motion was made. We do not think the court erred in overruling the demurrer to the second and third paragraphs of the separate answer of the appellee Barrett. Nor do we think the court erred in overruling the demurrer to the third paragraph of the separate answer of the appellee Williams. It is averred in that answer that the co-surety of Williams, upon a proper proceeding for that purpose, had been released from the bond in suit, and that the administrator had, by order of the court, filed a new bond, and that the breaches of the bond alleged in the complaint occurred after the execution of the new bond. We think it should be held that upon filing a new bond the old one was at an end.

While the sureties on the old bond would be liable for any breach of the same before the new one was accepted and approved by the court, we think that for subsequent breaches the liability is upon the new bond, and not upon the old. *Owen* v. *State,* 25 Ind. 371 ; *Lane* v. *State,* 27 Ind. 108.

We do not think that the court erred in sustaining the motion to strike out parts of the complaint. Some of the matters therein alleged may render the appellee Barrett liable to an action in his individual capacity, but he would not be liable in his capacity as administrator.

The administrator is not entitled to the rents and profits of land which descended to the heirs of his decedent without filing a petition and obtaining an order of the court, in which case he would be required to file additional bond. R. S. 1881, section 2369.

It can not be said, therefore, that the bond executed to secure the faithful administration of the personal property covers rents and profits derived from the real estate owned by the decedent at the time of his death. *Worgang* v. *Clipp,*

21 Ind. 119; *Hankins* v. *Kimball,* 57 Ind. 42; *Rodman* v. *Rodman,* 54 Ind. 444.

The issues in the cause were not such that the question as to whether the administrator had wrongfully paid debts in full could be tried. Such question, if any such exists, must be tried in a cause where an issue of that kind is made. The judgment in the case is in proper form, being an ordinary judgment collectible of the assets of the estate in the hands of the appellant.

There is evidence in the cause tending to support the finding and judgment of the court, and we can not, therefore, disturb the finding on the evidence.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

