IN THE MATTER OF THE ESTATE OF ANNE LAMBIE, DECEASED.  APPEAL OF NEIL MCMILLAN.

*Estates of deceased persons—Debts—Mortgage upon land of estate —Authority of administrator to borrow money.*

A mortgage upon land belonging to the estate of a deceased person, not given by the decedent, and not therefore a personal debt, is a debt against the estate, within the meaning of 3 How. Stat. § 6105, which authorizes the probate court to license an executor or administrator to borrow money by way of mortgage on the estate of the decedent "for the purpose of paying the debts against the estate."

Error to Wayne.   (Gartner, J)    Argued January 6, 1893.   Decided January 20, 1893.

Appeal by an heir and residuary legatee from an order of the circuit court, affirming the order of the probate court, allowing a special administrator with general powers to mortgage real estate to pay a mortgage thereon.   Affirmed. The facts are stated in the opinion.

*William J. Gray,* for appellant, contended:

1. The language of the statute, "debts against the estate," is plain. Is a mortgage, securing no personal liability, a debt?  A mortgage is simply a security,—a lien upon land; citing Jones, Mortg. § 953; and this doctrine is recognized in numerous cases holding a married woman's mortgage to be good, although

she could not be held personally upon the accompanying obli-
gation.   Whatever debt there had been (and it was not against
Mrs. Lambie) was extinguished by the sale.   It is plain, there-
fore, that the statute does not reach a case like that at bar,
however wise it might have been for the Legislature to have
made provision for it.

2. The administration of estates relates primarily and fundament-
ally to personal property alone; and the main objects proposed
are that the personalty be collected, the debts and charges paid,
and the surplus distributed to the persons entitled; citing
Schouler, Ex'rs, §§ 1, 5; and if the personal estate be sufficient
for the payment of debts and charges, the real estate should
not be touched by the administrator, as the personal estate is
primarily liable for the debts, and the real estate only after
the personalty has been exhausted; citing How. Stat. § 5874;
but the administrator has the right of possession of real estate
until the estate is settled or turned over to the heirs, and when
the personal estate is ample for the debts the real estate is to
be at once turned over to the heirs; citing How. Stat. § 5875.

3. In this case there is no finding, even, that the administrator
was, at the time of hearing, in possession of the land.   But,
at any rate, the administrator should not interfere with pos-
session by the heirs unless necessary; citing *Rough v. Womer*,
76 Mich. 375; and it follows from this that the administrator
takes possession of lands only to provide himself with funds for
the payment of debts.

4. The administrator is authorized to sell lands when necessary
for the payment of debts; citing How. Stat. § 6025; and the
petition must contain a list of the debts; citing How. Stat. §
6026; as must the petition for leave to mortgage; citing 3 How.
Stat. § 6106; and it is clear that real estate may be sold or
incumbered only to provide funds for the payment of debts.

5. It is not the office or duty of the administrator to preserve the
real estate for the heirs, but only the personalty.   The heirs,
as such, can ask him to take no step with reference to the
real estate, not necessary for the payment of debts.   So far
as real estate is concerned, the obligation of the administrator
is to the creditors, not to the heirs.   The latter must look out
for themselves.

6. If the Court construes this statute as did the circuit court, pos-
sibly it may be accomplishing a laudable object, but it is not
one contemplated by the statute, and the innovation will be
dangerous.   To adopt this construction, it will be necessary to
disregard the terms of the statute, and to engraft upon the
probate system a policy utterly at variance with all pre-

conceived notions, and this Court will not do this; citing *Insurance Co. v. Aspinall*, 45 Mich. 330, where it was sought to uphold a probate mortgage as an equitable act.

*Orla B. Taylor* (*Edwin F. Conely*, of counsel), for the administrator.

*Charles C. Stewart* and *Bowen, Douglas & Whiting*, for the estate.

McGRATH, J.   A special administrator has been appointed of the estate of Anne Lambie, deceased.   He found no personal estate, and but one parcel of real estate, valued at $60,000, which was incumbered by two mortgages,—the first of $12,000, and the second of $5,000.   The second had been foreclosed by advertisement, the sale having been made May 11, 1891.   The equity of redemption would expire May 11, 1892.   This mortgage was not given by decedent, and was not therefore a personal debt owed by her.   In March, 1892, the special administrator petitioned the probate court for license to mortgage the real estate to pay said mortgage and protect the estate, and the probate court granted the authority.

The sole question is, therefore, whether the mortgage debt is a "debt against the estate," under section 6105, How. Stat., as amended by Act No. 67, Laws of 1889.   It is insisted that a mortgage is simply a security,—a lien upon the land.   In other words, it is not an absolute conveyance.   But it is, nevertheless, security for a debt, —a lien securing an indebtedness.   The property is charged with the payment of the debt.   A mortgage has been defined as a debt by specialty.   A debt is defined as any claim for money,—that which one is bound to pay.   Coke says that "*debitum*" signifies not only a debt for which an action of debt lies, but generally any duty to be yielded or paid.

In *Elwood v. Deifendorf*, 5 Barb. 398, a testator charged

his debts upon certain lands devised, and it was held that the charge included a contingent liability which the testator was equitably bound to pay.

In *Lockhart v. Van Alstyne*, 31 Mich. 76, a debt is defined to be that which one person is bound to pay another, either presently or at some future period; something which may be the subject of suit as a debt.

In *Allen v. Dickson*, Minor (Ala.), 120, a debt is said to be a legal liability to pay a specific sum of money.

There is no question here but that this estate, consisting only of this one parcel of land, which has been pledged to pay this specific sum, is legally liable to pay this charge upon it, and it can make no difference that decedent was not personally liable, but took this property subject to the pledge.

In *Re Marden's Estate*, Myr. Prob. 184, deceased was the owner of real estate, her separate property. To secure the payment of her husband's note she joined her husband in a mortgage of her separate real estate. The executor asked the court for an order of sale of the mortgaged property, and that the proceeds, as far as required, be applied to the payment of the debt. The application was resisted on the ground that the debt was not a "debt outstanding against the decedent," under the code. The court granted the license, holding that the words " against the decedent " were the same as " against the property of the decedent." The court say:

" If it is not a debt outstanding against the decedent, the executor could not pay it, even if he had plenty of other resources."

In the present case the language of the statute is " debts against the estate." Is not this mortgage debt one against the estate,—against the property of the estate? Is not the estate—the property of the estate—charged with its payment? Is it not legally liable for its payment? The word

" debts " in the statute should be given its ordinary signification, rather than a technical construction which would be contrary to the practical construction which has been given it up to the present time.

The judgment is affirmed, with costs. Let it be certified to the probate court accordingly.

The other Justices concurred.