## RUSSELL *v.* WHEELER.

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—MORTGAGES—VALIDITY—PAYMENT—SUBROGATION.

An administratrix petitioned the probate court for leave to borrow $1,500 by way of mortgage on land of the estate which was already incumbered to the amount of $1,900. It appearing to the court that she could not negotiate a loan with the existing mortgages undischarged, she was licensed to mortgage the land in a sum not exceeding $3,000; whereupon she gave a mortgage for $2,800, and from the proceeds paid the prior incumbrances, the amount and validity of which were undisputed. On an accounting by the administratrix, *held:*

(1) That, conceding the invalidity of the last mortgage, the result to the estate would remain unchanged, as the administratrix was at least entitled to be subrogated to the rights of the prior mortgagees.

(2) That, if the administratrix was to be charged with the proceeds of the mortgage given by her, she should be credited with the amounts paid to satisfy the prior mortgages, though the mortgage debts were not proved as claims against the estate.

2. Same — Rents and Profits — Widow's Occupancy of Home-
   stead.

   Where a husband died leaving a farm, and his widow, who was
   also administratrix, continued to occupy it with their chil-
   dren, and the statute did not, at the time of her appointment,
   entitle an administrator to the possession of the real estate,
   her possession will be presumed to have been under her home-
   stead and dower rights, and she should not be charged with
   rents and profits in her account as administratrix.

3. Same—Correction of Account.

   Where, by mistake of her attorney, the widow charged her-
   self with such rents in her final account, the account was
   properly amended on the hearing by striking out such charge.

Error to Kalamazoo; Adams, J. Submitted October
25, 1901. Decided December 3, 1901.

Henrietta Russell appealed from an order of the pro-
bate court settling her final account as administratrix of
the estate of Charles P. Gage, deceased. She prevailed
in the circuit, and Mary Wheeler, an heir, brings error.
Affirmed.

One Charles P. Gage died January 28, 1878, leaving a
widow (now Mrs. Russell), a son nine years old, and a
daughter, Mary, four years old (now Mrs. Wheeler), the
contestant here. The widow was appointed administra-
trix. The property of the estate consisted of a farm of
120 acres, about 80 acres under cultivation, appraised at
$4,500, and personal property at $1,178.07, making the
total assets $5,678.07. Of the personal property, $288.35
was set apart to the widow under the statute. There
were two existing mortgages upon the real estate, amount-
ing to $1,900, and a chattel mortgage upon the personal
property of $185. The debts allowed were $2,234.98.
The mortgage debts were not proved against the estate,
the mortgagees relying upon the security of the liens.
The real value of the assets of the estate, after deducting
these amounts, was, upon the basis of the appraisal,
$1,069.74. This includes the widow's right of dower and

the value of her homestead.   Soon after her appointment,
she filed a petition for leave to mortgage the real estate
for the sum of $1,500.   In it she stated the amount of the
debts allowed, and the expense of administration as $100,
and that $364 per annum was required to support herself
and family.   The probate court made an allowance to her
of $7 per week for the support of the family pending the
settlement of the estate.   She could not negotiate a third
mortgage, and so reported to the probate court.   She
could, however, borrow $2,800 from one Warren upon a
mortgage, if the other two mortgages could be paid.   The
probate court entered an order authorizing the mortgage
of the farm for a sum not to exceed $3,000.   With this
she paid the existing mortgages upon the land, amounting
to a little over $1,900, and applied the balance, nearly
$900, in payment of the debts.   An order was entered
confirming the mortgage.   The proceedings were regular,
the only defect alleged being the order for a mortgage of
$2,800 upon a petition for $1,500.

Mrs. Russell had no business experience, and did not
appreciate the importance of keeping accounts, and kept
none as administratrix.   She continued to live upon the
place with her children, oftentimes doing fieldwork in
addition to the housework; hired help in the field; brought
up and educated her children; and continued to pay the
debts of the estate as fast as she got money, borrowing
some from her mother and son for that purpose.   She
paid as principal and interest upon the Warren mortgage
$3,161.78.   She paid the chattel mortgage by selling to
the mortgagee some of the property covered by it, and
the balance in cash.   She finally abandoned all hope of
paying the Warren mortgage, and it was foreclosed before
the proceedings for an accounting were commenced.

February 1, 1900, she filed her account as administra-
trix, in which she charged herself with the appraised value
of the real estate, personal property, and the cash received
upon the Warren mortgage, and with the use of the farm
for 22 years, at $150 per year.   She credited herself with

·debts paid, including the mortgages, taxes, and expenses of administration, and claimed a balance due her of $1,541.73. The probate court found that she was indebted to the estate in the sum of $2,091.02. This was arrived at by charging her with two-thirds of the rental value of the farm for 12 years, at $275 per year, and the cash received on the Warren mortgage, and by not allowing her the payment of the mortgages made by her husband, and which she paid out of the $2,800. Mrs. Russell appealed to the circuit court, where the case was tried without a jury, and a judgment rendered in her favor of $1,361.20. Upon the trial in the circuit court, upon the motion of counsel for the administratrix, the circuit judge struck from the account the item of rent, upon the ground that, under the law as it stood when the widow was appointed, she was not entitled to the use and possession of the real estate as administratrix.

*Howard, Roos & Howard,* for appellant:

Cited, to the point that the administratrix should account for the rents and profits: *Wilson* v. *Wilson,* 17 Ohio St. 150 (91 Am. Dec. 125); *Conger* v. *Atwood,* 28 Ohio St. 134 (22 Am. Rep. 362); *Simpson* v. *Snyder,* 54 Iowa, 557 (6 N. W. 730); *Brooks* v. *Jackson,* 125 Mass. 307, and cases there cited.

*Jesse R. Cropsey* and *Boudeman & Driver,* for appellee:

Cited to the contrary: *Griswold* v. *Chandler,* 5 N. H. 492; *Lucy* v. *Lucy,* 55 N. H. 9; *Conger* v. *Atwood,* 28 Ohio St. 134 (22 Am. Rep. 362); *McCoy* v. *Scott,* 2 Rawle, 222 (19 Am. Dec. 640); *Schwartz's Estate,* 14 Pa. St. 42; *Terry* v. *Bale,* 1 Dem. Surr. 452; *Scroggs* v. *Stevenson,* 100 N. C. 354 (6 S. E. 111); *Newcomb* v. *Stebbins,* 9 Metc. (Mass.) 540; *Bucher* v. *Bucher,* 86 Ill. 377; *Hendrix* v. *Hendrix,* 65 Ind. 329; *Evans* v. *Hardy,* 76 Ind. 527; *State* v. *Barrett,* 121 Ind. 92 (22 N. E. 969); *State* v. *Brown,* 2 Har. (Del.) 5; *Slaughter* v. *Froman,* 2 T. B. Mon. 95; *Oldham* v. *Collins,* 4 J. J. Marsh. 49; *Smith* v. *Bland,* 7 B. Mon. 21; *Wilson* v.

*Unselt's Adm'r*, 12 Bush, 215; *Mock* v. *Pleasants*, 34 Ark. 63; *McPike* v. *McPike*, 111 Mo. 216 (20 S. W. 12), and cases there cited.

Grant, J. (*after stating the facts*). All the assignments of error, which are many, present only four propositions, and are so discussed by counsel. The four questions are:

1. Is the mortgage authorized by the probate court void because authorized and issued for a larger amount than asked for in the petition?
2. Should the payment of the mortgage debts be excluded from the administratrix's account because they were not allowed by the probate court, and she be held liable therefor?
3. Must she be responsible for the rents and profits?
4. Was the ruling of the court in striking out the item of rents from her account correct?

1. I think that the mortgage is valid. It is not, in fact, in excess of the amount asked for in the petition. No claim is made that the two mortgages were not valid, or that the administratrix paid any more money than was due thereon. If the administratrix could have secured a loan of $1,500 subject to the other two mortgages, or if Mr. Warren had bought those mortgages and taken a third for $1,500, the situation of the estate would have been precisely the same as it is now, with the old mortgages paid out of the money received on the new. The result accomplished was the same, viz., the shifting of the security upon the real estate from one party to another. Under a petition to sell, it was held competent for the court to authorize a mortgage to pay debts. *Cahill* v. *Bassett*, 66 Mich. 407, 415 (33 N. W. 722). But my Brethren think its validity is doubtful. If, however, the mortgage were void, the administratrix would clearly be entitled to be subrogated to the rights and liens of the former mortgagees. *Detroit Fire & Marine Ins. Co.* v. *Aspinall*, 48 Mich. 238 (12 N. W. 214). The contestant would therefore gain nothing by maintaining its inva-

lidity. The cases cited by counsel[1] do not support their contention.

2. The position taken by the contestant is anomalous. She says that the Warren mortgage is void, but is valid to charge the administratrix with the full amount received thereon. If void, the foreclosure sale is void, and contestant still has her interest in the land. Why should she be charged with this amount, and not be credited with the amounts which she has honestly paid out upon the debts of the estate in an attempt to save something for the heirs? These mortgage debts were debts due against the estate. *In re Lambie's Estate*, 94 Mich. 489 (54 N. W. 173). Contestant's counsel concede that the administratrix might have petitioned the probate court, setting forth that these mortgage debts had not been proved, that they were valid, and asked authority to pay them. There is no statute upon the subject. We see no reason why she should put the estate to the expense of such proceedings, where no question is raised as to the validity or the amount of the mortgages, or as to the right of the mortgagees to rely exclusively upon their liens. Had she neglected to take care of these mortgages, and loss had been entailed upon the estate, undoubtedly she would be liable for not paying.

3. Under the statute existing when letters of administration were issued in this case, and for some time thereafter, the administrator was not entitled to the possession of the real estate. The only authority he had over it was to sell or mortgage it, under the authority of the probate court. Mrs. Gage continued to live with her family upon this farm, without any change in the character of her possession. She had a right to occupy it as a homestead for herself and her children. She had also a dower interest in it. There is not a scintilla of evidence tending to show that she was in possession as administratrix until she filed

[1] Viz.: *Ryder* v. *Flanders*, 30 Mich. 336; *Edwards* v. *Taliafero*, 34 Mich. 13; *Griffin* v. *Johnson*, 37 Mich. 87; *Shipman* v. *Butterfield*, 47 Mich. 487 (11 N. W. 283); *Cahill* v. *Bassett*, 66 Mich. 407 (33 N. W. 722).

her account, in February, 1900. It will be presumed that she was in possession in accordance with law, rather than in opposition to law. Her bondsmen did not sign her bond upon condition that she should do things which the law did not permit, but only those things which the law did permit. Where the statute does not give an administrator a right to the possession of the real estate, neither he nor his bondsmen are liable for the rents or profits. In the absence of any agreement, he is responsible only to the heirs. *State* v. *Barrett*, 121 Ind. 92 (22 N. E. 969); *Newcomb* v. *Stebbins*, 9 Metc. (Mass.) 540; *Palmer* v. *Palmer*, 13 Gray, 326.

4. The item of rents was included in her original account for the sole reason that her attorney made no examination of the statute then in force,—supposed that it was the same as the one now in force, which gives the possession of the real estate to the administrator,—and advised her to make an account in accordance with what he supposed the law then was. It was discovered upon the trial in the circuit court that counsel was mistaken, and when so discovered a motion to amend by striking out that item was allowed. In this there was no error. The learned counsel seek to bring the case within *Beam* v. *Macomber*, 35 Mich. 457; *Thompson* v. *Howard*, 31 Mich. 309; *Thomas* v. *Watt*, 104 Mich. 201 (62 N. W. 345). Those cases are where the plaintiff had brought one suit upon one theory, and carried it to a conclusion in the court, and then brought another suit upon another theory. This is an amendment in the same suit, in which the court had jurisdiction to correct any error in the administratrix's account. *McPike* v. *McPike*, 111 Mo. 216 (20 S. W. 12); 2 Woerner, Adm'n, § 513, and note 6.

The judgment is affirmed.

The other Justices concurred.