## Malachi Thompson v. Ebenezer B. Howard.

*Practice: Immaterial questions.* Where, upon the case as presented on error, the judgment against the plaintiff below must stand if on the main point in the case the defendant prevails, however erroneous the rulings may have been on minor points, the court, having ruled the main point against the plaintiff, declines to consider the other questions raised. .

*Election.* A party may not take contradictory positions; and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again.

*Election: Enticing away and harboring a minor: Assumpsit for wages: Action for the tort.* The doctrine of election is applied in this case to preclude one from bringing an action in case for the unlawful enticing away and harboring his minor son, after he had first brought assumpsit for the son's wages during the same period on the basis of an implied contract, and after a trial, had submitted the case to the jury, and upon their disagreeing, had discontinued the suit.

*Assumpsit: Implied promise: Wages of a minor: Express agreement.* In an action of assumpsit by the parent for the wages of a minor son while being wrongfully harbored by one who had enticed him away from his father's home, in the absence of any evidence or claim that the parties ever actually agreed together at all in regard to the minor's services, it is impossible to refer the assumpsit to any real agreement of a date later than that of the defendant's enticement, so as to infer that it rested on a distinct arrangement, which left the original wrong as a ground for a separate suit.

*Assumpsit: Action of tort: Repugnancy.* Such an action of assumpsit necessarily implied that defendant had the minor's services during the time with the plaintiff's assent; and this was absolutely repugnant to the foundation of a suit for the tort, which is, that the minor was drawn away and into defendant's service against the plaintiff's assent.

*Heard January 15. Decided February 26.*

Error to Kalamazoo Circuit.

*J. L. Hawes,* for plaintiff in error.

*Arthur Brown, Dwight May* and *Hoyt Post,* for defendant in error.

GRAVES, CH. J.

The plaintiff sued the defendant in case to recover of him for having, as he alleged, enticed into his service and harbored his minor son, a young man about nineteen years of age.   The evidence went to show that the parties having been near neighbors in Cooper, Kalamazoo county, the defendant removed to Missouri, and, without plaintiff's knowledge or assent, and against his wishes and desire, persuaded and induced the young man to leave his father, the plaintiff, and go to defendant's place in Missouri, and there work for the latter on his promise of wages; that the defendant, besides holding out inducements to the young man to go and enter his service, furnished money to pay his fare, and that in consequence he went to Missouri about the 23d of May, 1870, and worked for defendant and remained there until April, 1871, when an elder brother, who was sent after him by defendant, induced him to return.

The main defense to the action consisted of evidence, admitted under objection, that shortly before this action was brought the plaintiff sued the defendant in assumpsit before a justice, to recover on the basis of contract for the minor's services; that the cause was brought to trial before a jury, and a hearing had upon the merits; that the case was submitted but subsequently discontinued after a disagreement of the jury.

This course of the plaintiff, the defendant claimed, constituted a decisive election by the former to treat the transaction as one of contract and not tort, and he insisted the proceedings effectually put an end to any right the plaintiff may have had before, or might otherwise have had, to count

upon the procurement of the young man to leave his father and serve defendant, as a tortious act.

In regard to this part of the case, the court told the jury in substance, that it was competent for the plaintiff to ignore the ground of tort involved in the defendant's arrangement with the minor, and to treat the transaction as one of contract between the plaintiff and defendant, to be enforced agreeably to its nature; and that if the jury were satisfied that the plaintiff, with full knowledge of all the facts going to show the defendant committed a tort, had yet elected to place his right on the basis of contract, and had prosecuted a suit on that theory and foundation down to the submission of the case to a jury, he could not afterwards turn round, repudiate such election, and maintain a suit in tort; but that if the plaintiff prosecuted his first suit in question in ignorance, or under misapprehension of the facts to show the tortious character of defendant's conduct in relation to the transaction, he would not be precluded from maintaining his action founded on the wrong.

The jury found for the defendant, and the plaintiff has brought error. The fact is undisputed, that before this suit the plaintiff prosecuted, as before mentioned, on the basis of agreement, for the purpose of recovering his son's wages. There is no controversy in regard to the proceedings then had. An objection was taken to the admission of the proof on two grounds; but the first is not noticed in the brief, and was not alluded to in argument; and the second must stand or fall with the charge which involves the same point. As the case is presented, the judgment against the plaintiff must stand if the defendant's position in regard to the election of remedy prevails; because the facts upon which that position depends are in no manner questioned, and if the position itself is sound, the plaintiff was not entitled to recover, no matter what view might be taken of the other points made by him.

The general doctrine applicable to the feature of the case we are considering, appears to be well settled.

THOMPSON v. HOWARD.

A man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again.—*Broom's Max., 160; Smith v. Hodson, and notes, in 2 Smith, L. C.; Jewett v. Petit, 4 Mich., 508; Rodermund v. Clark, 46 N. Y., 354; Smith v. Baker, L. R., 8 C. P., 350, 5 Eng. R., 323.*

As there was no evidence or claim that the parties ever actually agreed together at all in regard to the minor's services, it was not possible to refer the assumpsit to any real agreement of a date later than that of the defendant's supposed wrongful enticement, and not possible to infer that the assumpsit rested on a distinct arrangement, and left the original wrong as a ground for a separate suit.

The first action extended to the minor's services from the beginning; and when the plaintiff brought it, he thereby virtually affirmed that his son was with defendant in virtue of a contract between the latter and himself, and not by means of conduct which was tortious against him.

His proceeding necessarily implied that defendant had the young man's services during the time *with plaintiff's assent*, and this was absolutely repugnant to the foundation of this suit, which is that the young man was drawn away and into defendant's service *against the plaintiff's assent.*

The case is, then, subject to the doctrine before stated, and the election involved in the first suit precluded the plaintiff from maintaining this action for the wrong. The charge on this subject was sufficiently favorable to the plaintiff, and as this feature of his case was fatal to his right to recover, the other points require no notice.

The judgment should be affirmed, with costs.

The other Justices concurred.