## REBECCA A. THOMAS v. SAMUEL A. WATT.

*Election of remedies—Trover—Pleading.*

A debtor secured his creditor by a bill of sale. The creditor, in violation of his agreement that in case of the non-payment of the debt he would sell the property at public sale, and, after satisfying his demand, pay the surplus to the debtor, sold the property at private sale, and refused to account for such surplus. The debtor sued the creditor in *assumpsit* to recover the surplus, and the case was dismissed for the failure of the debtor to give security for costs. The debtor then sued the creditor in trover for the same property. And it is held that the debtor, by suing in *assumpsit*, elected his remedy; that he thereby elected to treat the title to the property as in the creditor; and that this defense is admissible in the trover suit under the plea of the general issue alone.

Error to Kent. (Adsit, J.)  Argued January 24, 1895. Decided February 26, 1895.

Trover. Defendant brings error. Reversed, and judgment entered in this Court for defendant. The facts are stated in the opinion.

*George E. & M. A. Nichols* and *F. H. Stowe,* for appellant.

*Griffin, McDonald & LaGrou,* for plaintiff.

LONG, J. This is an action in trover for the conversion of one bay stallion named "Lurcher," one bay gelding, one bay mare, and certain book accounts.

It appears that the plaintiff became financially involved in the year 1891, and had given chattel mortgages upon the property in question to several different parties. Some of the mortgages were being foreclosed, when plaintiff called upon the defendant, and requested him to take them up, and take security upon the property described. Prior to that she had become indebted to defendant in the sum of about $140, and to secure him had turned out these book accounts, authorizing him to collect them. He had collected about $78. The amount of the mortgages, costs, and expenses was figured up, to which was added the sum due defendant, making a total of $476. Plaintiff claims that she was to give defendant a chattel mortgage for this amount. Defendant claims that a bill of sale was to be given. It appears that a bill of sale was given, though as security, as plaintiff was to pay the amount within 60 days with interest, and to have the property back. Defendant took possession of the property, but claims that the bay gelding was taken from his possession thereafter by Mr. Finch, who claimed to have purchased it before the bill of sale was made to defendant. The money not being paid within 60 days, defendant sent to plaintiff, requesting payment, which was refused, and defendant contends that plaintiff at that time sent word to him to do what he pleased with the horses, but she would not execute a written release. Defendant thereafter sold the mare and stallion at private sale, but claims they did not bring enough to pay the indebtedness due him from plaintiff. Plaintiff thereafter commenced a suit in the Kent circuit court in *assumpsit*, setting up in her declaration the transaction as to the giving of the bill of sale, and charging that the defendant was to sell the horses at pub-

lic sale, and, after satisfying his demand, was to pay the surplus to her; but that, disregarding his promises, and contriving and intending to injure her, he sold them at a sacrifice, at private sale, and had not turned over the surplus in his hands remaining from the sale of such property, for which she brought suit. To this declaration was added the common counts in *assumpsit*. A bill of particulars was also filed, claiming the value of the stallion, $800; value of the mare, $200; value of the horse, $150; use of mare from July, 1891, to February, 1892, 7 months, at $1 per day, $182; use of stallion for season of 1892, $536; book accounts, $100. After issue was joined, a motion to dismiss the cause for want of compliance with the order to file security for costs was made, and the court thereupon made an order dismissing the cause by consent of plaintiff's counsel.

It is admitted that the property for which this action of trover is brought is the identical property mentioned in the declaration and bill of particulars in the suit in *assumpsit* theretofore brought. The defendant in the present action pleaded the general issue. At the outset of the trial the question was raised whether the plaintiff had not elected her remedy in *assumpsit* in the former suit, and whether she could now maintain her present action of trover in consequence. Proofs were offered showing the commencement of the former action, what the declaration and bill of particulars contained, and the dismissal of that cause. The proofs were ruled out by the trial court. Plaintiff thereupon introduced testimony tending to support her theory of the case, and the value of the property alleged to have been converted. Defendant also introduced testimony tending to show his theory, and the value of the property. The jury returned a verdict for plaintiff of $584.14. After the plaintiff had rested her case, counsel for defendant again offered in evidence the files and records

in the case of *Rebecca A. Thomas v. Samuel A. Watt* in the suit commenced in *assumpsit* by her for this property. This was objected to as incompetent under the pleadings, and was ruled out.

The contention now made by counsel for plaintiff is that these proofs were incompetent under the general issue, for the reasons:

1. That such defense is matter in confession and avoidance, and notice of such defense must be given under the plea of the general issue.

2. That in bringing the suit the plaintiff does not take an inconsistent or contradictory position to the action of *assumpsit* first commenced.

3. That it is not shown, and no offer is made to show, that plaintiff had knowledge of the fraud at the time of bringing the first action.

4. That the relative rights of the parties are the same in both actions.

5. That both actions were brought for the recovery of the value of this property; and that the first one was not prosecuted to judgment, but the case dismissed, because no security for costs was filed therein.

It cannot be said that the bringing of the action of trover is not inconsistent with the claim made by the plaintiff in bringing the action of *assumpsit*. The facts, as claimed by plaintiff in the present suit, are that she gave defendant a chattel mortgage on the property only, and did not give a bill of sale, and that, if a bill of sale was signed by her, she supposed it to be a chattel mortgage, and that, at least, it was only given by way of security, and not with intent on her part to part with the title of the property described; that the defendant sold this property, and converted the proceeds to his own use. The action of trover is for the conversion of property, the title to which she still claims, and has never parted with. She had the right to waive the tort, and sue in *assumpsit*. Under her claim, therefore, in bringing the action of *assumpsit*, she elected to treat the property as in the

defendant, waived her right to claim the title, and asked judgment for the value, or. what was equitably her due. It was an action for money had and received for her use and benefit. She treated the property as sold to the defendant, or at least treated the sale made by him of the property to third parties as valid, and elected to hold the defendant for the proceeds of the sale. Under these circumstances she must be held to have elected her remedy, and it would not matter that the suit in *assumpsit* had not gone to judgment. The election was made by the commencement of the action in that form.

It was said in *Thompson v. Howard*, 31 Mich. 309, 312, that—

" A man may not take contradictory positions, and, where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge or the means of knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again."

The plaintiff in that case sued the defendant in an action on the case to recover of him for having, as he alleged, enticed into his service and harbored his minor son. The main defense to the action consisted of evidence, admitted under objection, that shortly before the action was brought the plaintiff sued the defendant in *assumpsit* before a justice to recover on the basis of a contract for the minor's services. It was held that this precluded a recovery in an action on the case for enticing away.

In *Nield v. Burton*, 49 Mich. 53, it was held that waiving the tort of a conversion and suing in *assumpsit* amounts to an election to regard the defendant. as owner of the property converted, and estops the plaintiff from bringing trover against the defendant's vendee; and the fact that the first action was brought in a court which did not have .

jurisdiction does not destroy the effect of such election so far as the vendee is concerned.

These cases were followed in *Farwell v. Myers,* 59 Mich. 179. There an action of replevin was brought upon rescinding a sale for fraud, and only part of the goods taken. The plaintiff thereafter sought to recover for the value of the balance of the goods as in an action of *assumpsit,* based upon the original contract, and it was said, " One theory is totally at variance with the other."

In *Button v. Trader,* 75 Mich. 295, it was held that a vendor who retains the title on a sale of personal property until paid for makes such sale absolute by electing to take a judgment against his vendee for the unpaid purchase money. See, also, *Black v. Miller,* 75 Mich. 323; *Elwell v. Martin,* 32 Vt. 217; *McDonald v. McDonald,* 67 Mich. 122; *Conrow v. Little,* 115 N. Y. 387.

The fact that the suit in *assumpsit* had not proceeded to judgment could not affect the question here presented. The plaintiff elected her remedy by the commencement of her suit in *assumpsit. Nield v. Burton, supra.*

It is contended, however, that the defendant could not raise this question under the general issue, but that, in order to take advantage of the former suit as an estoppel or bar to the present one, proper notice must be given under the plea of the general issue. In all the cases above cited, except *Black v. Miller,* the plea of the general issue only was interposed. It is true, that exact question was not raised in those cases, but we think the proofs could be introduced under the general issue without notice. The general issue is a denial of plaintiff's cause of action. If a denial of the conversion, any matter showing or tending to show that the plaintiff had not title to the property would be competent. If the bringing of the suit in *assumpsit* be regarded as an estoppel, it would not be necessary to plead it in order to make proof of the fact in

the trover suit. *Dean v. Crall*, 98 Mich 591. The defense, however, is admissible for the purpose of showing that the plaintiff had elected to treat the turning over of the property to the defendant as a sale, and this could be shown under the general issue.

To entitle the plaintiff to recover, two points were essential to be proved:

1. Property in herself, and a right of possession at the time of the conversion.
2. A conversion of the property by the defendant to his own use.

Under the general issue the defendant had the right to prove by any competent evidence that the title to the goods was in himself as general owner. *Eureka Iron & Steel Works v. Bresnahan*, 66 Mich. 489, 493. Under the general rules of practice of 4 Wm. IV. the general issue in trover was regarded as a denial of the conversion only, and not of plaintiff's title; but these rules have not been adopted into our practice, and the general issue in this State in actions of trover, as formerly in England, puts the whole declaration in issue. *Eureka Iron & Steel Works v. Bresnahan, supra; Leake v. Loveday*, 4 Man. & G. 972.

The rule was adopted into the Massachusetts practice. In a case where plaintiff had brought trover the defendant was permitted to show a prior judgment in defense under the general issue. The court said:

"If the judgment be an adjudication between the same parties and against the plaintiff of issues which tend directly to disprove the allegations, * * * then it is admissible in evidence under an answer denying those allegations." *Foye v. Patch*, 132 Mass. 105, 110.

What was sought to be shown in the present case was that the plaintiff, by the commencement of the suit in *assumpsit*, had elected to treat the title of the property as in the defendant; that, having so elected, she could

not afterwards claim the title in herself. It must be held that under the plea of the general issue the defendant would have the right, not only to disprove plaintiff's right to possession, but also her title. This proof offered would conclusively estop the plaintiff from claiming title, and defeat the action. The court was therefore in error in refusing to permit proofs to be made.

In this view of the case, all the other questions are unimportant.

The judgment of the court below must be reversed, and judgment entered here for defendant, with costs of both courts.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.