SLIGH FURNITURE CO. v. SHANNON.

ACTIONS—ASSUMPSIT OR TROVER—ELECTION.

A justice's summons recited that the action was "in a plea of trespass on the case upon promises, to plaintiff's damage $100 or under." The bill of particulars read: "The following is the plaintiff's bill of particulars for the recovery of which action is brought: * * * One bedroom suit * * * $52." A statement of account filed showed defendant's indebtedness to plaintiff to be $52, attached to which account was an affidavit that defendant was indebted in said amount, and that the consideration therefor was furniture. The declaration was in trover for the conversion of one bedroom suit, of the value of $52, and claimed damages in the sum of $100. After defendant had pleaded the general issue, plaintiff discontinued, and brought another action in trover. The defense proceeded upon the theory that plaintiff had elected to sue in assumpsit. Held, that the intention to sue in trover in the former suit was sufficiently indicated by the limiting of the ad damnum clause in the summons, the language of the bill of particulars, and the style of the declaration. Thomas v. Watt, 104 Mich. 201, distinguished.

Error to Alpena; Kelley, J. Submitted June 10, 1897. Decided June 28, 1897.

Trover by the Sligh Furniture Company against George A. Shannon. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*I. S. Canfield*, for appellant.

*James McNamara*, for appellee.

MOORE, J. This is an action of trover, brought for the conversion of a suit of furniture. Verdict was rendered in favor of the plaintiff by direction of the court. The defendant appeals, and assigns as error that the plaintiff, before the commencement of this suit, brought suit against the same defendant, relating to the same subject-matter, in an action of *assumpsit*, and that by bringing said action it had elected its remedy, and could not now bring this action; counsel citing *Thomas* v. *Watt*, 104 Mich. 201, and the cases there cited.

Some controversy arose over the admission of docket entries and verbal testimony, which testimony was excluded by the court; but the summons, the bill of particulars, and the affidavit attached thereto, and the declaration, filed in what is claimed to be the *assumpsit* case, were all admitted in evidence, and are made a part of the bill of exceptions. The summons is a justice's summons, in the form contained in the printed blanks, reciting the action to be "in a plea of trespass on the case upon promises, to its damage $100 or under." The material part of the bill of particulars reads:

"The following is the plaintiff's bill of particulars for the recovery of which said action is brought:

August 25, 1892. One bedroom suit, No. 557 _____$52"

There was filed with the justice a statement showing:

"G. A. SHANNON, Alpena, Mich.,
To SLIGH FURNITURE COMPANY, Dr.
August 25, 1892, net 60 days_____$52"

Attached to this was an affidavit to the effect that Shannon was indebted to the furniture company in the

sum of $52, that the consideration therefor was furniture, etc.    The declaration filed in the cause was a declaration in trover for the conversion of one bedroom suit, No. 557, of the value of $52, and claimed damages in the sum of $100.    The plea was the general issue.    After a short adjournment, this case was discontinued by the plaintiff, and on the same day the present suit was commenced, and, when the pleadings were put in, the same declaration was used in this case that had been filed in the case which is called an "*assumpsit* case."

While the statement of account, and the affidavit attached thereto, and some of the language used in the summons, used in the first case, would be what you would expect in an *assumpsit* case, the limit of the *ad damnum* clause in the summons to $100, the bill of particulars filed, and the declaration in trover which was filed, all indicate that it was not the intention of the plaintiff to commence an action in *assumpsit*, but that it was its intention to commence an action in trover; so that the case of *Thomas* v. *Watt* does not apply.    As there is no dispute about the facts in the case, and the defense depended upon the theory that the first suit commenced was in *assumpsit*, we think the court did not err in directing a verdict in favor of the plaintiff.

Judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.