## H. G. VOGEL CO. *v.* ORIGINAL CABINET CORPORATION.

1. SALES—CONDITIONAL SALES CONTRACT—INCONSISTENT REMEDIES—ELECTION OF REMEDIES.

On failure of purchaser to pay for goods sold on title-retaining contract, seller has choice of two inconsistent remedies, reclamation of property or action for purchase price.

2. ELECTION OF REMEDIES.

One who makes settled and deliberate choice of one of two inconsistent remedies may not thereafter go back and elect again.

3. SAME—ELECTION INVOLVES KNOWLEDGE OF FACTS.

To make election of remedy, one must, by actually bringing his action or by some other decisive act, with knowledge of facts, indicate his choice between inconsistent remedies.

4. SAME—RECEIVERS—FILING CLAIM EQUIVALENT TO COMMENCEMENT OF SUIT.

In receivership proceedings, receiver stands in shoes of insolvent, and filing claim or petition for action of court is equivalent to commencement of suit.

5. SAME—FILING CLAIM AS ELECTION.

Action of seller of goods sold on title-retaining contract in making proof of claim in receivership proceedings, claiming title thereto but making no demand for possession and asking no specific relief of the court, did not constitute election of reclamation.

6. SAME—ALLOWANCE OF CLAIM AND ACCEPTANCE OF DIVIDENDS CONSTITUTED ELECTION.

Where claim for goods sold on title-retaining contract was filed in receivership proceedings, its allowance as money demand and acceptance by seller of dividends constituted election of remedy, barring seller's right to reclamation.

7. SAME—AFFIRMATIVE DEFENSE.

Election of remedy is affirmative defense, and is irrevocable only where other party raises point, but if second suit is pursued

As to whether bringing suit not prosecuted to judgment as a conclusive election of remedies, see annotation in 34 L. R. A. (N. S.) 309; L. R. A. 1917D, 657.

to judgment, it bars first, and claim in first suit may even be extinguished by subsequent conduct inconsistent therewith.

8. SAME—CLAIM IN BANKRUPTCY.
   Claim for purchase price of property and acceptance of dividends thereon in bankruptcy bars prior suit commenced to recover possession of property.

9. SAME—JUDGMENT—WAIVER.
   Allowance of claim in receivership proceedings in money for goods sold on title-retaining contract was judgment by court, and acceptance of dividends thereon was equivalent to collection under execution and constituted waiver of former claim of right to reclamation of goods.

10. SAME—RECEIVERS—REMEDIES.
    If seller's claim in receivership proceedings for goods sold on title-retaining contract was inadvertently allowed as unsecured and unpreferred, seller's remedy, if any, is by petition in receivership proceedings rather than by replevin against purchaser at receiver's sale.

Case-made from Berrien; White (Charles E.), J. Submitted October 7, 1930. (Docket No. 1, Calendar No. 33,543.) Decided December 2, 1930.

Replevin by H. G. Vogel Company, a corporation, against Original Cabinet Corporation and another. Plaintiff reviews directed verdict and judgment for defendants by case-made. Affirmed.

*Stuart B. White,* for plaintiff.

*Burns & Hadsell,* for defendants.

FEAD, J. In 1922 plaintiff sold a sprinkler system to the Acme Red Cedar Chest Company, under title-retaining contract, later installed it, and had payment of part of the purchase price. In April, 1924, the purchaser became insolvent and a receiver was appointed by the circuit court. Plaintiff filed proof

of claim, attaching a copy of the contract as an exhibit, setting up the balance due and owing to it, and stating that, because of nonpayment of the balance,

"the claimant hereby claims title to said system of fire extinguishing apparatus, as provided for and specified in said contract and specifications and to the whole thereof."

No further action was taken on plaintiff's claim of title. Its attorney was also attorney for the receiver. The claim was allowed as an unsecured and unpreferred claim for the balance due. On September 16th, a 20 per cent. dividend was ordered by the court on general claims, including plaintiff's, but the order was not entered until December 17th.

On November 22d, the sprinkler system was sold by the receiver, the purchaser being informed that plaintiff claimed a lien on and the right to possess the equipment for the unpaid balance, and that sale was made subject to the rights of plaintiff under its contract. Defendants have title from the purchaser at receiver's sale.

After the order declaring a dividend was entered, a check for plaintiff's share was given its attorney, who cashed it and remitted the balance to plaintiff. Later, another and final dividend was ordered and paid to plaintiff through its attorney. Plaintiff brought this action in replevin for the sprinkler system, and, after commencing suit, voluntarily returned the amount of the dividends to the receiver, who is holding it. It was stipulated by counsel that the return of dividends should have the same effect as though it had been made before suit brought, in order to save the expense of commencing a new suit. It was also stipulated that the sprinkler system is personal property, subject to replevin.

The case turns on election of remedies. Counsel agree that plaintiff was required to make a choice between two inconsistent remedies, reclamation of the goods or action for the purchase price, and that action for purchase price would operate to transfer title. *Nelson* v. *Viergiver,* 230 Mich. 38. Plaintiff contends that its assertion of title in the proof of claim was an irrevocable election to reclaim, and its subsequent conduct inconsistent therewith did not impair it. One who makes a settled and deliberate choice of one of two inconsistent remedies cannot thereafter go back and elect again. *Thompson* v. *Howard,* 31 Mich. 309. But to make an election, one "must, by actually bringing his action or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies." 20 C. J. p. 20.

In receivership proceedings, the receiver stands in the shoes of the defendant, and filing claim or petition for the action of the court is equivalent to commencement of suit. Plaintiff's proof of claim included no demand for possession, nor was it followed by petition for possession. It asked no specific relief of the court, and was, in fact, no more than a statement of plaintiff's construction of the contract and the amount due thereon. It left the plaintiff at liberty to take such action as should thereafter be deemed advantageous, and, therefore, did not constitute an election.

Plaintiff is precluded from recovery upon another principle. Assuming its original proof of claim was an election to repossess and to waive action for purchase price, conflict between two elections resulted, because the allowance of plaintiff's claim as a money demand and the acceptance of dividends thereon also constituted an election. *Crompton* v.

*Beach,* 62 Conn. 25 (25 Atl. 446, 36 Am. St. Rep. 323, 18 L. R. A. 187); 24 R. C. L. pp. 482, 483; *Gordon Hollow Blast Grate Co.* v. *Zearing,* 130 Ark. 535 (198 S. W. 97). Election of remedies is an affirmative defense. *Willard* v. *Shekell,* 236 Mich. 197. The first election does not, *a proprio vigore,* control the case. It is irrevocable only if the other party raises the point. If a second suit is pursued to judgment, it bars the first (*Rose* v. *Rundall,* 86 Wash. 422 [150 Pac. 614]; 20 C. J. p. 34), and the claim in the first suit may even be extinguished by subsequent conduct inconsistent therewith. *Whitford* v. *Chace,* 7 R. I. 322. A claim for the purchase price of property and acceptance of dividends thereon in bankruptcy bars a prior suit commenced to recover possession of the property itself. *American Process Co.* v. *White Pressed Brick Co.,* 56 Fla. 116 (47 So. 942, 16 Ann. Cas. 1054). The allowance of plaintiff's claim in money was a judgment by the court, and the acceptance of dividends thereon was equivalent to collection under execution. *Elston* v. *Rusch,* 250 Mich. 221. They were decisive acts which controlled the election and constituted a waiver of the former claim which had not been carried to the point of judicial action.

If, as plaintiff contends, but the record does not demonstrate, its claim was inadvertently allowed as unsecured and unpreferred, the remedy, if any, was by petition in the receivership proceedings. The situation might be different had the receiver or the court ordered the dividends returned. *Moller* v. *Tuska,* 87 N. Y. 166 (9 Daly's R. 207).

Judgment for defendant on directed verdict is affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.