BAILEY *v.* BAILEY.

INTERNATIONAL & INDUSTRIAL SECURITIES CORP. *v.* SAME.

1. ELECTION OF REMEDY—RECEIVERS—FILING GENERAL CLAIM—TITLE-RETAINING CONTRACT.

Creditor who filed general claim with debtor's receiver instead of standing on its title-retaining contract made election of remedy, and allowance of said claim was equivalent of judgment for price, passing title to debtor.

2. SAME—WITHDRAWING CLAIM—MISTAKE.

Creditor who elected to file general claim with debtor's receiver instead of seeking reclamation of goods under its title-retaining contract is not entitled, after allowance of said claim, to withdraw it and substitute therefor preferred claim, in absence of showing of mistake or making case for withdrawal.

Appeal from Cheboygan; Sprague (Victor D.), J. Submitted April 4, 1933.   (Calendar No. 36,892.) Decided May 16, 1933.

Receivership proceedings by Martha Bailey against Etta R. Bailey. In the matter of petition of International & Industrial Securities Corporation, a New York corporation, as assignee, to withdraw general claim and substitute preferred claim. From order denying relief prayed, petitioner appeals. Affirmed.

*Abbott, Owen & Coulter,* for petitioner.

*James F. Shepherd,* for receiver.

*Wilburn & Semmes,* for trustee.

CLARK, J.   In February, 1931, International & Industrial Securities Corporation, as assignee of Albert Pick-Barth Company, made and filed with the receiver of E. R. Bailey & Son (Hotel Top-in-a-bee) its proof of general claim, open account $419.44 and note $2,284.55.  By order entered in May, 1931, in the circuit court, in the proceeding, the claim was duly allowed.

In January, 1932, claimant, having been paid nothing, filed petition to withdraw general claim and to substitute preferred claim, setting forth title-retaining contract covering property sold to the partnership, the sale price being nearly the amount of the note.  The petition was denied.  Petitioner has appealed.

Upon the conditional sales agreement, the seller might have passed title to the buyer by seeking judgment for the price, and certainly title would have

been considered passed upon the taking of judgment. And this carries into the receivership. The seller or its assignee might stand on its title-retaining contract and seek reclamation of the goods or it might file general claim, the equivalent of suit for the price, and have order of allowance, the equivalent of judgment for the price. The claimant took the latter course, made an election.

And to escape the effect of election, it makes no showing of mistake, or the like, beyond a statement of counsel crediting the filing of the claim to a young attorney, the word "young" being used, seemingly, as meaning inexperienced.

If weight be accorded the unsupported statement of counsel, the significant circumstances are that when the claim was filed the prospect of payment in full in cash was good, and when withdrawal of the claim was sought nearly a year later it was clear that claimant would receive nothing on the order of allowance. No case for withdrawal was made. The rule of election is designed for just such a case as this. *H. G. Vogel Co.* v. *Original Cabinet Corp.,* 252 Mich. 129; *Thompson* v. *Howard,* 31 Mich. 309.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.