REID *v.* NUSHOLTZ.

1. MORTGAGES—FORECLOSURE—WAIVER—ESTOPPEL.

Claim of mortgagors that they did not waive their right to have invalid foreclosure set aside because they acted without knowledge of facts essential to determination of their rights, *held,* negatived by record.

2. SAME—ELECTION OF REMEDIES.

Mortgagors, claiming that foreclosure of trust mortgage by advertisement was invalid, had three methods of procedure: (1) Waive irregularities and invalidity of sale and sue in assumpsit for claimed surplus in hands of trustee; (2) file bill to have sale set aside; or (3) hold over after expiration of redemption period and test validity of sale in summary proceedings.

3. ELECTION OF REMEDIES—MORTGAGES—FORECLOSURE—ESTOPPEL.
    Where, after foreclosure of trust mortgage by advertisement,
    mortgagors brought action in assumpsit to recover claimed
    surplus in hands of trustee, they thereby confirmed said
    sale, and could not thereafter question its validity in sum-
    mary proceedings brought by trustee for possession after
    expiration of redemption period.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 11, 1933. (Docket No. 89, Calendar No. 37,149.) Decided August 29, 1933. Rehearing denied October 19, 1933.

Summary proceedings by D. Neil Reid, trustee, against Abraham Nusholtz and others to recover possession of land. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell,* for plaintiff.

*Louis Smilansky (Archie Morse,* of counsel), for defendants.

McDONALD, C. J. James E. Meredith and the Union Trust Company of Maryland were trustees in a trust mortgage given by the defendants to secure the payment of two notes totaling $69,000. There was default, and James E. Meredith, without the consent and co-operation of the other trustee, foreclosed by advertisement. During publication, James E. Meredith resigned his trust, and the plaintiff, D. Neil Reid, was appointed successor trustee. Publication of the notice continued in Meredith's name. The plaintiff purchased the property at the sale for $78,387.86, and received the sheriff's deed. About 10 months thereafter the defendants began a suit in assumpsit against D. Neil

Reid to recover the difference between the $78,387.86 and the actual amount owing on the mortgage, which they claimed was about $40,000 at the time of the sale. After the period for redemption had expired, the defendants refused to surrender possession, and the present suit, which is an action in summary proceeding for restitution, was commenced. The defendants appeared and defended on various grounds affecting the validity of the mortgage foreclosure. The issue was tried by the court and jury. Both parties moved for a directed verdict. The plaintiff's motion was based on the contention that, by their suit in assumpsit to recover the surplus in the hands of the mortgagee, the defendants elected their remedy; that they confirmed the sale and could not thereafter question its validity. The trial court did not agree with this contention, but held the sale invalid as a matter of law, and directed a verdict against the plaintiff. From the judgment entered the plaintiff has appealed.

We think there was merit in the contention as to election of remedies, and that the court should have directed a verdict in favor of the plaintiff. It is well settled that

"A man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again." *Thompson* v. *Howard,* 31 Mich. 309.

See, also, *Thomas* v. *Watt,* 104 Mich. 201; *H. G. Vogel Co.* v. *Original Cabinet Corp.,* 252 Mich. 129; 20 C. J. p. 20.

"The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice, and, to a greater or less degree, on considerations of orderliness, regularity, and expedition of litigation." 10 R. C. L. p. 698.

The parties do not disagree as to the rule applicable to the election of remedies, but defendants claim it is not applicable in this case because, at the time they began their assumpsit action, they had no knowledge of the facts essential to a determination of their rights and the proper procedure to be adopted in obtaining them; that they had no knowledge of the facts which they now claim render the mortgage sale invalid. The record negatives this contention. One of these facts most strongly relied on is that the mortgage was foreclosed by advertisement. It is their claim that a trust mortgage cannot be foreclosed by advertisement, and, therefore, the sale was invalid. They knew how it had been foreclosed when they began their assumpsit action. Another fact alleged against the validity of the sale is that the power of sale in the trust mortgage required the joint action of the two trustees, the Union Trust Company of Maryland and James E. Meredith, and that the foreclosure was carried on by Meredith alone. They knew of this fact from the terms of the trust mortgage and from the notice of publication. They say they did not know that the other trustee had refused to join in the foreclosure, but that does not matter. It was sufficient to know that Meredith was acting alone. These and other material facts were matters of record. It is idle to assert that defendants had no knowledge of them 10 months after the foreclosure, when they began their assumpsit suit.

There were three methods of procedure available to defendants after foreclosure. They could waive irregularities and invalidity of the sale and sue in assumpsit for the $40,000 surplus which they claimed was in the hands of the trustee. They could file a bill and have the sale set aside, or, which was equivalent thereto, hold over after redemption had expired and test the validity of the sale in the summary proceedings. They chose to sue in assumpsit; such action necessarily implied a valid sale and is inconsistent with their subsequent action in attempting to have the sale declared invalid. After suing to recover a money judgment on the theory that there was a valid sale, the defendants cannot change their position in a subsequent action and ask for other relief on the theory that there was no valid sale. There was an election of both rights and remedies.

The judgment is reversed, and the cause remanded for the entry of a judgment in favor of the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.