ATTORNEY GENERAL, *ex rel.* SECRETARY OF STATE, *v.*
STATE SAVINGS & LOAN CO.

APPEAL OF DE GUIBERT.

1. ELECTION OF REMEDIES—CHOICE OF ONE OF TWO INCONSISTENT REMEDIES.

   One who makes settled and deliberate choice of one of two inconsistent remedies may not thereafter go back and elect again, but to make election of remedy, one must, by actually bringing his action or by some other decisive act, with knowledge of facts, indicate his choice between the inconsistent remedies.

2. SAME—RECEIVERS—PREFERRED AND GENERAL CLAIMS—FRAUD—WAIVER.

   Creditors who had choice of filing a preferred claim with receiver of a savings and loan association on ground that deposits were induced by fraud and misrepresentation or filing a general claim by waiving the fraud and electing to treat the money as part of the company's assets and chose latter remedy may not thereafter claim preference.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 14, 1939. (Docket No. 86, Calendar No. 40,607.) Decided September 5, 1939.

Receivership proceedings by Wilbur M. Brucker, Attorney General, *ex rel.* John S. Haggerty, Secretary of State, against State Savings & Loan Company, a Michigan corporation. On petition of Clarence P. de Guibert and Vada Eileen de Guibert for allowance of claims as preferred claims. Petition denied. Plaintiffs appeal. Affirmed.

*Walter O. Estes,* for plaintiffs.

*Kelley, Sessions, Warner & Eger,* for defendant.

SHARPE, J.   March 8 and 10, 1930, Clarence P. de Guibert and Vada E. de Guibert paid into three separate accounts with the State Savings & Loan Company of Lansing, Michigan.   The total amount of these payments was $5,738.   On April 15, 1930, a temporary receiver was appointed for said company by the circuit court of Ingham county and on June 14, 1930, the appointment of a temporary receiver was made permanent.

On September 13, 1937, an order was made requiring members to file their proofs of claims with the receiver; and that a hearing upon claims would be had before the court on November 30, 1937.   The notice sent to the members on September 25, 1937, contained a statement that it would be unnecessary to appear in court on the above date unless the claim was contested.

Petitioners de Guibert filed their claims and the same were allowed as general claims.   Receiver's certificates were issued to them in the full amount of their claims.   On December 16, 1938, petitioners filed a petition in the receivership proceedings asking that their claims be allowed as preferred claims because the so-called deposits upon which these claims were based were induced by fraud and misrepresentation.   On January 10, 1939, the trial court denied petitioners the suggested relief, holding that when petitioners filed general claims without demanding preference or priority and were issued certificates for said claims they made an election as to remedies.

Petitioners appeal and contend that no election of remedies was made as there was no inquiry as to the merits of their claims when the same were allowed; and that relief is not barred by the statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]).

The rule as to election of remedies is well stated in *H. G. Vogel Co.* v. *Original Cabinet Corp.*, 252 Mich. 129, where we said:

"One who makes a settled and deliberate choice of one of two inconsistent remedies cannot thereafter go back and elect again. *Thompson* v. *Howard*, 31 Mich. 309. But to make an election, one 'must, by actually bringing his action or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies.' 20 C. J. p. 20.''

In *Bailey* v. *Bailey* (syllabus), 263 Mich. 137, we held:

"Creditor who filed general claim with debtor's receiver instead of standing on its title-retaining contract made election of remedy, and allowance of said claim was equivalent of judgment for price, passing title to debtor."

When petitioners received notice to file their claims with the receiver and that a hearing would be had before the court on November 30, 1937, they had a choice of remedies. They could have filed a preferred claim alleging that their so-called deposits were induced by fraud and misrepresentation; or they could waive the claimed fraud and elect to treat the money invested as a part of the company's assets. They chose the latter remedy and may not now be heard to complain of their choice.

The decree of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.