ATTORNEY GENERAL, *ex rel.* SECRETARY OF STATE, *v.* STATE SAVINGS & LOAN CO.

APPEAL OF FRANK.

1. BUILDING AND LOAN ASSOCIATIONS—FRAUD—DISCOVERY—RESCISSION.

   If antecedent fraud of agents of savings and loan company which had induced plaintiff to make deposits would entitle him upon discovery to rescind and recover money, he must elect promptly to rescind, and if, after discovery of fraud, he acted on the theory the title to the money passed to the company, it might bar rescission.

2. ELECTION OF REMEDIES—DELIBERATE CHOICE OF ONE OF TWO INCONSISTENT REMEDIES.

   A party who has the right to choose one of two remedies which are so inconsistent that the assertion of one involves the negation or repudiation of the other and makes a deliberate choice of one with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will be precluded thereafter from going back and electing again.

3. SAME — SAVINGS AND LOAN ASSOCIATION DEPOSITOR — FRAUD — GENERAL CLAIM—PREFERENCE.

Stockholder and depositor of savings and loan association, whose claims against it were filed and allowed as general claims in receivership and who received receiver's certificates therefor, could not thereafter file claims for preference because of antecedent fraud inducing him to part with his money where he knew of such fraud, if any, at time claims were originally filed.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 14, 1939. (Docket No. 87, Calendar No. 40,608.) Decided September 5, 1939.

Receivership proceedings by Wilbur M. Brucker, Attorney General, *ex rel.* John S. Haggerty, Secretary of State, against State Savings & Loan Company, a Michigan corporation. On petition of Sherman Frank for allowance of preferred claim. Petition denied. Plaintiff appeals. Affirmed.

*Walter O. Estes,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant receiver.

POTTER, J. The State Savings & Loan Company was a building and loan association, having its principal office in Lansing, Michigan. Plaintiff invested several thousand dollars therein. The company became insolvent. The State, through the attorney general, April 15, 1930, instituted proceedings for receivership and dissolution. A temporary receiver was appointed April 15, 1930, and the company was dissolved and a permanent receiver appointed June 14, 1930.

Plaintiff invested in the company not only on behalf of himself, but on behalf of his wife and minor son, the aggregate amount of his investments amounting to several thousand dollars.

September 25, 1937, the receiver gave notice to all investors in the company to file their claims. This notice stated it would not be necessary for claimants to appear in court unless their claims were contested, in which case they would be notified. Plaintiff filed his claim in his own behalf and in behalf of his wife and minor son. These claims were not contested but were allowed and receiver's certificates issued therefor in the amount of $3,486.51 and $371.35 respectively.

December 2, 1938, plaintiff filed a petition to have these claims allowed as preferred claims on the ground he was induced by fraud and false representations made to him by the agents of the company to invest therein. From a decree denying relief, plaintiff appeals.

There is some doubt from the record how far plaintiff relied upon the representations made to him by the company's agents, for, after talking with such agents, he went to Lansing and investigated the financial soundness of the institution and thereafter made his initial investments therein. But, passing this question and assuming plaintiff was induced by the false and fraudulent representations of the company's agents to invest his money therein, the question here is, whether his petition may be maintained.

When the company became insolvent shortly after plaintiff made his investments therein, he knew as well as he knows now of the fraud, if any existed. Plaintiff then had a choice of remedies. He could proceed upon the theory the title to the money he was induced to part with never passed to the company, that because of the false and fraudulent representations made to him by the company's agents there was no meeting of the minds of the company and himself, no *bona fide* contractual relations between him and the company. He could proceed on

the ground the transaction amounted to a fraud and seek to recover his money in full from the company on the ground the money was still his and that the title thereto by reason of the fraud practiced upon him never passed to the company. This, he did not do. He acted upon a committee representing the creditors of the company and did not file the petition herein until December 2, 1938, and it is claimed by defendant the statute of limitations bars his right to maintain such petition. Plaintiff, by the presentation of his claim as a general creditor against the company in the receivership proceedings, elected to treat the money invested as the company's money, constituting a part of its assets, and to share as a general creditor in such assets, being entitled as such to his distributive share therein. He presented his claims as a general creditor. They were allowed as such and receiver's certificates therefor were issued and delivered to plaintiff. Having procured the allowance of these claims as a general creditor upon the theory the money was the company's money, part of its assets, the question is, can he now maintain the petition herein on the theory that because of the antecedent fraud and false representations practiced the money is still the money of claimants and the title thereto never passed, by reason of the fraud of the company's agents?

Conceding the antecedent fraud of the agents of the company entitled plaintiff upon its discovery to rescind and recover the money he was fraudulently induced to part with, if he would take advantage of such fraud, he must stop short and elect promptly to rescind the transaction. *Monroe* v. *Hoffman,* 276 Mich. 281. And if he subsequently acted on the theory the title to the money passed to the company, it might bar rescission. *Dinius* v. *Bolibrzuch,* 270 Mich. 618.

There is no contention in this proceeding the claims represented by plaintiff were presented and allowed to the parties as general creditors by reason of any mistake (*Bailey* v. *Bailey*, 263 Mich. 137) ; or by inadvertence (*H. G. Vogel Co.* v. *Original Cabinet Corp.*, 252 Mich. 129).

"A man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again." *Thompson* v. *Howard*, 31 Mich. 309.

The trial court said:

"Petitioner filed as a general claimant, making at that time no claim of fraud, or of any right to rescind. He was at that time charged with knowledge of the situation, and must have known, if such was the fact, that he had been induced to make the purchase through and because of misrepresentations of material facts. His general claim was, however, based on the theory of the validity of the agreement, in other words, that he was a stockholder and depositor. His serving as a member of the depositors' committee is likewise inconsistent with the assertion of the right to rescind. As a member of such committee he is ostensibly undertaking to protect the rights of stockholders and depositors. In seeking to obtain a preference on the theory that he is entitled at the present time to assert the right of rescission, he is taking a position that is antagonistic to the rights of others whom he assumes to represent.

"The general conclusion follows that having in legal effect affirmed the agreement by filing, and procuring the allowance of, a general claim, petitioner

is not now entitled to preference on the basis of the right of rescission.''

We think the trial court arrived at a correct conclusion.

Decree affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.