# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DEARBORN,

Plaintiff-Appellee,

v

SHAEFA MOHAMED,

Defendant-Appellant.

UNPUBLISHED
February 15, 2018

No. 336710
Wayne Circuit Court
LC No. 16-008130-AV

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted a January 6, 2017, order by the circuit court dismissing this matter for lack of jurisdiction. We affirm.

This appeal arose from a property-tax foreclosure and judgment of possession granted in plaintiff's favor. A March 20, 2015, uncontested judgment of foreclosure provided that fee simple title to the property in question would vest in the Wayne County Treasurer unless redemption occurred by March 31, 2015. On March 31, 2015, defendant entered into an installment-payment plan but subsequently defaulted on that plan.

Pursuant to a right of first refusal provided for in MCL 211.78m, a provision of the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, the Wayne County Treasurer conveyed the property to plaintiff by quitclaim deed on August 26, 2015. Defendant remained in the home, and on September 28, 2015, plaintiff filed a notice to quit and sought to recover possession of the property. In November 2015, plaintiff filed and served on defendant a district-court complaint to recover possession of the property.

On May 26, 2016, defendant moved for summary disposition of the district-court action under MCR 2.116(C)(10). She argued that in conducting the tax foreclosure involving her property, the Wayne County Treasurer violated her constitutional rights. She claimed, among other things, that she did not receive adequate notice of the foreclosure proceedings and an opportunity to appear. She argued that the deed conveyed to plaintiff was invalid and noted that

-1-

she was participating in a federal action challenging the foreclosure.[1]  Defendant argued that the summary proceeding for possession should be dismissed or stayed pending the outcome of the federal action.  In the alternative, she requested leave to file a counterclaim to quiet title to the property.  Plaintiff, in response, argued that defendant received adequate notice and, more importantly, never challenged or appealed the judgment of foreclosure.  Plaintiff argued that it was entitled to summary disposition under MCR 2.116(I)(2).

The district court held a hearing on June 16, 2016.  Defendant argued that because title to the property remained disputed and was being litigated in federal court, plaintiff's action for possession of the property should be dismissed without prejudice.  In response, plaintiff argued that it held title to the property after entry of the judgment of foreclosure and through Wayne County's conveyance of it to plaintiff under plaintiff's right of first refusal.  It emphasized that the action in question was not an action to quiet title but was an action for possession, and it noted once again that defendant neither appealed the judgment of foreclosure nor moved to set it aside.  The district court noted that "as far as the County is concerned . . . there was a default in the payments" due under the installment-payment plan.  The court stated that it was treating the proceedings as a motion for summary disposition, and it stated, "the [c]ourt believes that there is sufficient evidence to indicate that the [p]laintiff in this case is the proper title holder; they complied with the Michigan Court Rules governing summary proceedings in landlord tenant matters."  The court stated that "some other [c]ourt" may have to make a ruling regarding foreclosure irregularities, but not the district court.  The district court granted plaintiff a judgment of possession.

On December 16, 2016, defendant filed an appeal in the circuit court, arguing that the district court should not have "conducted a summary proceeding . . . for possession despite [defendant's] claims concerning the validity of the tax foreclosure and her entitlement to present equitable claims and defenses to preclude being dispossessed of her home."  She asked the circuit court to vacate the judgment of possession and either order the dismissal of plaintiff's action or stay the proceedings pending the resolution of the title controversy.  In its January 6, 2017, opinion and order, the circuit court dismissed defendant's appeal for lack of jurisdiction, finding that it had no jurisdiction to grant relief from the judgment of foreclosure.  The circuit court reasoned:

> Circuit courts are presumed to have original, subject-matter jurisdiction, except where exclusive jurisdiction is given to some other court, or where jurisdiction is expressly prohibited.  MCL 600.605.
>
> [Defendant] has raised the issue that she was unable to challenge the Judgment of Foreclosure in the District Court.  [She] asks that this Court, sitting as an appellate court, make a finding that the lower court erred in not allowing [her] to contest the vesting of title in the City.  This it cannot do.

---

[1] In the federal action, defendant raised various claims, arguing, in part, that there had been a taking without just compensation.  The federal court subsequently dismissed the claims.  An appeal of that decision is pending.

The statutory scheme presented in the [GPTA] was designed to completely govern all proceedings involving the foreclosure of property in Michigan, to the exclusion of all other civil claims and remedies. [MCL 211.78k], subparts (5)(b) and (6) of the statute, indicate that property foreclosed by a judgment under the Act vests absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property.

The Michigan Supreme Court has stated that the legislative intent behind the Act was to provide finality to foreclosed judgments, and to quickly return property to the tax rolls. . . . Judgments may not be modified other than through the limited procedures provided under the Act. . . .

[Defendant] had several opportunities to challenge the foreclosure process, but chose not to file a written objection, or appear at the Show Cause Hearing or the Judicial Foreclosure Hearing. The Act also afforded [defendant] a third opportunity to object to the foreclosure. Under MCL 211.78k(7), the foreclosing governmental unit, or a person claiming to have a property interest in property foreclosed under the Act, may appeal the [c]ircuit [c]ourt's Judgment of Foreclosure to the Michigan Court of Appeals.

Appellant did not avail herself of any of the remedies provided under the Act. The Supreme Court has stated that if a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure.

The circuit court concluded that plaintiff was a "bona fide purchase for value" under the GPTA and that the court had no jurisdiction to alter the judgment of foreclosure. It dismissed the appeal for lack of jurisdiction.

Defendant argues that the trial court erred in its ruling because "the GPTA in no way divests a circuit court of appellate jurisdiction over decisions from a summary proceeding regardless of the fact that it may implicate a judgment of foreclosure entered pursuant to the GPTA." She claims that she never asked the circuit court to modify a judgment of foreclosure but merely asked "whether it was proper for the district court to enter a judgment of possession when the issue of title was being litigated in another court."

We review de novo constitutional issues, statutory interpretation, matters of subject-matter jurisdiction, and grants of summary disposition. *Harvey v State, Dept of Management & Budget, Bureau of Retirement Servs*, 469 Mich 1, 6; 664 NW2d 767 (2003); *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 6; 732 NW2d 458 (2007); *Bank v Michigan Ed Assoc-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016).

The GPTA governs the foreclosure of property for nonpayment of property taxes. MCL 211.78k addresses proceedings related to obtaining a judgment of foreclosure. MCL 211.78k(1) refers to the filing of a petition for foreclosure pursuant to MCL 211.78h, notice of the foreclosure hearing under MCL 211.78j, and other matters. MCL 211.78k(2) and (3) provide a process by which persons claiming an interest in the property may challenge the validity or

correctness of the unpaid taxes and otherwise object to the foreclosure. MCL 211.78k further provides:

> [(5)][(g)] A judgment entered under this section is a final order with respect to the property affected by the judgment and except as provided in subsection (7) shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or for contested cases 21 days after the entry of a judgment foreclosing the property under this section.
>
> (6) Except as otherwise provided in subsection (5)(c) and (e), *fee simple title to property* set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, *shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. . . .* The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7) or (9).
>
> (7) *The foreclosing governmental unit or a person claiming to have a property interest under section 78i in property foreclosed under this section may appeal the circuit court's order or the circuit court's judgment foreclosing property to the court of appeals.* An appeal under this subsection is limited to the record of the proceedings in the circuit court under this section and shall not be de novo. The circuit court's judgment foreclosing property shall be stayed until the court of appeals has reversed, modified, or affirmed that judgment. . . . [Emphasis added.]

The circuit court determined that it did not have jurisdiction to disturb the judgment of foreclosure. It viewed the relief requested by defendant as dependent on the validity of the judgment of foreclosure. MCL 211.78k supports that determination. Defendant failed to pay the delinquent taxes, interest, penalties, and fees in accordance with MCL 211.78k(6), and fee simple title to the property vested in Wayne County, the foreclosing governmental unit. Defendant did not file an appeal in this Court, pursuant to MCL 211.78k(7). Thus, Wayne County held fee simple title to the property, and it properly conveyed the property to plaintiff, which had exercised its right of first refusal pursuant to MCL 211.78m.

Quite simply, pursuant to subsection (6), fee simple title to the property vested in Wayne County and defendant did not appeal this vesting. Defendant relies on *In re Petition by Wayne Co Treasurer* to argue that we may not rely on MCL 211.78k(6) to affirm the circuit court's ruling. In that case, the property owner challenged a judgment of possession that was entered under the provisions of the GPTA. *In re Petition by Wayne Co Treasurer*, 478 Mich at 5-6. The Court recognized that the GPTA "reflect[s] a legislative effort to provide finality to foreclosure judgments and to quickly return property to the tax rolls," but it found that when "the property owner is not provided with constitutionally adequate notice of the foreclosure[,] . . . MCL

-4-

211.78k(6) serves to insulate violations of [the constitutional rights to due process] from judicial review and redress, thereby completely denying the property owner procedural due process." *Id*. at 4. It determined that, as applied to those property owners who have been denied due process with regard to tax foreclosure, the provision limiting modification of judgments of foreclosure is unconstitutional. *Id*. at 4, 10.

We find *In re Petition by Wayne Co Treasurer* distinguishable from the present case. As noted, the judgment of foreclosure was entered on March 20, 2015, and listed a redemption date of March 31, 2015. Thereafter, on March 31, 2015, defendant entered into a "stipulated payment agreement." Defendant initialed a box stating, "I realize these payments must be made on/before due dates." Before her signature, the payment-plan document states: "By your signature you hereby acknowledge that you have read the instructions and agree to the terms of this agreement." The document further states:

> **If Taxpayer fails to pay at least 60% of the 2012 and prior TIPF by June 2, 2015, this property will be foreclosed and offered to the State of Michigan, local municipality, county and/or auctioned.** Taxpayer shall be in default of this Stipulated Agreement and cause the extended period of redemption to expire on that date, and the property shall vest in the Treasurer by the fee simple absolute title pursuant to the Judgment of Foreclosure to be filed upon default under Wayne County Circuit Court Case No. 14-007672-CH. Taxpayer hereby waives notice of and period to cure the default . . . .
>
> **4. It is acknowledged by the undersigned Taxpayer and/or representative that any right the Taxpayer may have to contest or object to the Petition of Foreclosure or any Judgment based upon said Petition to foreclose the property . . . including the right, if any, to a hearing . . . is hereby knowingly and voluntarily waived.** [Underlining and bolding in original.]

The lower-court record contains an August 18, 2015, letter written from an occupant of the home "on behalf of [defendant]." The letter writer admits that defendant missed payments and "attempted to pay off the outstanding balance" in July 2015. In addition, and more significantly, at a November 25, 2015, hearing, defendant's son, explicitly "speaking on her behalf," admitted that defendant defaulted on the payment agreement.

Under the unique circumstances of this case, *In re Petition by Wayne Co Treasurer* is distinguishable as a matter of law; indeed, that case applies to "cases where the taxing authority has denied the taxpayer due process," *id*. at 11, and uncontested facts show that such a denial did *not* occur in the present case.[2]

---

[2] While the circuit court may have worded its ruling differently, because it technically had jurisdiction over the appeal from the district court, it did correctly rule that the judgment of foreclosure was not subject to being vacated. We affirm a court that reaches the correct outcome for an incorrect reason. *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000).

Defendant argues that "[t]he [d]istrict [c]ourt erred by denying [defendant's] motion to dismiss or stay the summary proceedings pending the outcome of the federal action and to otherwise permit her to assert equitable claims and defenses regarding title."[3] She states that "entry of the judgment of possession in this case was improper because [defendant] was litigating the issue of title in another court." Defendant, however, cites only nonbinding caselaw in support of her argument.[4] The unpublished case on which defendant primarily relies involved significant procedural irregularities and ample evidence of a competing claim to title of the home in question. No such circumstances are present here. In light of the dearth of caselaw or other authority provided, and under the factual circumstances—with defendant entering into an explicitly-worded payment agreement as discussed above and defaulting on that agreement—we find no basis on which to disturb the lower-court rulings in this case.

Affirmed.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel

---

[3] As stated in footnote 2, *infra*, defense counsel did not ask the court, at the district-court motion hearing, to rule on the equitable issues but argued only that the case should be dismissed or stayed because of the federal action.

[4] Defendant does cite three published Michigan cases (dealing with mortgage foreclosures): *Federal National Mortgage Ass'n v Wingate*, 404 Mich 661; 273 NW2d 456 (1979), *Manufacturers Hanover Mortgage Corp v Snell*, 142 Mich App 548; 370 NW2d 401 (1985), and *Reid v Nusholtz*, 264 Mich 220; 249 NW 831 (1933). However, these cases are inapposite. *Federal National Mortgage Ass'n*, 404 Mich at 672, involved one issue: whether appeal bonds concerning a mortgage foreclosure were reasonable. While the Court tangentially discussed "the availability of invalidity of foreclosure as a defense to summary proceedings," it did not rule on the issue. *Id*. at 676. In *Manufacturers Hanover Mortgage Corp*, 142 Mich App at 553, the Court did state that "[t]he district court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property," but, significantly, at the June 16, 2016, hearing, defense counsel in the present case argued that the district court should *not* determine the equitable claims and that the case should simply be dismissed or stayed in light of the action in federal court. Similarly, *Reid*, 264 Mich at 224, referred to "test[ing] the validity of [a foreclosure] sale in the summary proceedings," but again, defense counsel did not advocate for this and instead argued for a dismissal or stay based on the federal action.